In the Matter of George Ehrenberg et al., Appellants, against James W. Persons et al., Constituting the Board of Appeals of the Village of East Aurora, Respondents, and Robert G. Ames et al., Intervenors-Respondents.

Fourth Department, April 29, 1959.

*John Markarian* and *Frederick C. Jensen* for appellants.

*Walter W. Howitt, Village Attorney,* for respondents.

*Moot, Sprague, Marcy & Gulick* (*William G. Conable* of counsel), for intervenors-respondents.

*Per Curiam.* The petitioners appeal from an order confirming a determination of the respondent Zoning Board of Appeals, which dismissed an appeal taken by them from the issuance of a building permit by the authorized official of the Village of East Aurora. The decision of the board recited that under section 179-b of the Village Law it had the power to limit by rule the time within which an appeal should be taken. It concluded that inasmuch as no such rule had been promulgated an appeal must be taken within a reasonable time. The determination was thereupon made that the appeal had not been so taken and it was dismissed. Special Term in substance sustained the reasoning of the board. It held that because the zoning law of the village contained no provision fixing the time within which to appeal from the granting of a permit the court "will not substitute its judgment for the judgment of the village lawmakers."

In our opinion both the board and Special Term for different reasons made incorrect decisions. Article VI-A of the Village Law provides for building zones in a village. Section 175 thereof contains a grant of power to the board of trustees of a village to regulate and restrict in certain specified respects the use of land and buildings. This section further provides that "Such regulations may provide that a board of appeals may determine and vary their application in harmony with the general purpose and intent, and in accordance with general or specific rules therein contained."

Section 179-b of the same law authorizes the appointment of a board of appeals. There are outlined therein in considerable detail the powers, duties and method of procedure of the board. Pertinent here is the provision that " Such appeal [to the board] shall be taken within such time as shall be prescribed by the board of appeals by general rule * * *." This statutory scheme of the Legislature delegating to the appeals board the power to fix by general rule the time within which an appeal shall be taken is identical as to practically all municipalities in the State (see New York City Charter, § 668, subd. b; General City Law, § 81, subd. 2; Town Law, § 267, subd. 3). The ordinance enacted by the Village of East Aurora provided for a board of appeals. The latter was authorized to adopt such " rules and regulations as it may deem necessary to interpret and carry into effect the provisions of this ordinance." (Building and Zoning Ordinance of Vil. of East Aurora, § 111.)

The question is thus presented as to whether the grant of power as contained in the Village Law was mandatory in that the Board of Appeals was required to adopt a general rule or merely directory so that the board could by its failure to adopt such a rule decide on a case to case basis whether an appeal had been timely taken. In our opinion the plain language of the statute when additionally considered in the light of recognized rules of statutory construction makes the conclusion irresistible that the board was mandated to fix the time to appeal by a general rule.

The Legislature had here provided that an aggrieved party had the right to appeal " within such time as *shall* be prescribed by the board of appeals by general rule * * *." (Emphasis supplied.) It has been written that " The legal predicate directs that the legal subject act in the manner prescribed by the legislature. It is the verb which *directs or permits action or inaction.* * * * When the action is mandatory ' shall ' should always be employed. When the action is permissive ' may ' should be used." (Sutherland, Statutory Construction, § 4928.) It is recognized, however, that the words " shall " and " must " when found in a statute are not always imperative. (Cf. *Munro* v. *State of New York*, 223 N. Y. 208; 214; *Matter of State of New York*, 207 N. Y. 582, 585; *Matter of Thurber*, 162 N. Y. 244, 252.)

While " the line between mandatory and directory statutes cannot be drawn with precision " (*People* v. *Karr*, 240 N. Y. 348, 351) the general rule has been enunciated that it is " to be determined primarily from the legislative intent gathered from the entire act and the surrounding circumstances, keeping in

mind the public policy to be promoted and the results that would follow one or the other conclusion.'' (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 171.) It was long ago decided that the Legislature had power to authorize municipalities to adopt general zoning ordinances (cf. *Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313, 317; *City of Utica* v. *Hanna*, 202 App. Div. 610, 611). In the implementation of these ordinances it soon became necessary pursuant to legislative authority to empower boards of appeals in appropriate cases and subject to appropriate conditions to pass upon variances from the rigid provisions of the ordinances. (Cf. *People ex rel. Sheldon* v. *Board of Appeals*, 234 N. Y. 484, 494.) But the exercise of such a grant of power having far-reaching effects and affecting in some cases the constitutional rights of citizens in the use of their property has been carefully circumscribed by conditions precedent to the exercise of jurisdiction by the board.

The statute under consideration plainly states that the time to appeal shall be fixed by a general rule adopted by the board. The contention here advanced by respondents that the board may neglect or refuse to adopt such a rule and decide, as each case comes before it, whether an appeal has been taken within a reasonable time is not only repugnant to the statutory language but would result in confusion and chaos. The board is given power, among other things, to hear and decide appeals from any order, requirement, decision or determination made by an administrative official charged with the enforcement of the zoning ordinance. The beneficiary of action by such official is entitled to know when the order, decision or determination has become final and no longer subject to review by the board. Similarly, objectors to the grant of a permit by an administrative official are entitled to know within what time they must appeal. They should not be subjected to a preliminary fact finding by the board that the appeal has or has not been taken within a reasonable time. Such a method of procedure is not in accord with the requirements of the statute and opens the door to arbitrary and capricious action on the part of the board.

The facts in this case bear out the conclusion reached. The board conducted a hearing as to the merits of the appeal at which the intervenors reserved their right to move to dismiss the appeal but made no such motion. Thereafter the board, *sua sponte*, dismissed the appeal with a recital that the permit was issued on August 2, 1957, construction commenced on August 14 and the appeal taken on October 7, 1957. The record before the board contained testimony from which it might

be found that the petitioners were lulled into inaction by repeated promises on the part of the official, who issued the permit, to visit and view the premises. Furthermore, one of the intervenors, who had obtained the permit, testified that she had assured one of the petitioners that there was no intention to build to the property line. Petitioners discovered as construction proceeded that the edge of the roof of the permitted addition would be only 17 inches from the property line. The existence of a rule fixing the time within which to appeal would have placed all parties on notice as to their respective rights and duties.

It follows that the decision of Special Term holding that it was without power to review the determination of the board was erroneous. A hearing should be conducted at which all parties may present evidence bearing upon the reasonableness of the time in which the appeal to the board was taken. (Cf. *Isaac v. Town of Queensbury*, 247 App. Div. 263, 270, revd. on other grounds 277 N. Y. 37.) The evidence before the board should be considered and also the failure of the board to adopt the general rule mandated by the statute. Upon such a record a decision should be made by the court as to whether the appeal had been taken within a reasonable time. (Cf. *Matter of Joynt v. King,* 6 A D 2d 234, 239.)

The order appealed from should be reversed and the proceeding remitted to Special Term for the holding of a hearing.

All concur. Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

Order reversed, with $10 costs and disbursements against the respondent Board of Appeals and matter remitted to the Special Term for further proceedings in accordance with the opinion.