In the Matter of FAIRMEADOWS MOBILE VILLAGE, INC., Respondent, *v.* JOHN SHAW et al., Constituting the Town Board of the Town of Newfane, et al., Appellants.

Fourth Department, March 29, 1962.

*Fogle, Andrews & Pusateri (Anthony L. Pusateri* of counsel), for appellants.

*McNulty, Gellman & Kellick (Harold M. Halpern* of counsel), for respondent.

BASTOW, J. In this article 78 proceeding appellants, as various officials of the Town of Newfane, have been ordered to issue a license to petitioner for a house-trailer camp on premises leased by it from third parties. Special Term in its opinion,

among other things, decided that a prior action (*Town of New-fane* v. *Fairmeadows Mobile Vil.,* 6 A D 2d 755) had conclusively established the rights of the parties and a finding made therein had " become the fact of this case as a matter of law."

The general principle is recognized that " a fact, once decided in an earlier suit, is conclusively established between the parties [or their privies] in any later suit, provided it was necessary to the result of the first suit." (*Hinchey* v. *Sellers,* 7 N Y 2d 287, 293.) But the estoppel is limited in such circumstances to the point actually determined. " The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 308.)

It appears from the record on appeal in the former action that the six individual defendants therein named were the joint owners of the real property in question and had organized the corporate defendant (plaintiff in this action). In the amended complaint in the prior action the town sought to restrain the defendants from operating a trailer camp on the property or, if not so enjoined, that the rights of defendants under certain described ordinances " be determined and defined."

Upon the former trial it appeared that two ordinances relating to the use of trailers had been adopted by the town in 1956. The first, enacted in April, prohibited the use of trailers within the town without a permit and to obtain the latter certain stated consents were required. In November of the same year a second ordinance was enacted (eff. Dec. 3, 1956) which prohibited trailers in residential districts but permitted them in other districts upon approval by the Board of Appeals. By express statement the provisions of the earlier ordinance were repealed insofar as inconsistent with the new ordinance.

It further appeared upon the former trial that during the period from November, 1955 to December, 1956 the individual defendants were engaged in developing a trailer camp site. The trial court found that water, power and sanitary facilities had been installed and other improvements made at a cost of approximately $2,000 and that two trailers had been installed before the second ordinance became effective. The trial court in its opinion held that the provisions of the earlier ordinance were inconsistent with those of the November enactment and had been repealed. It was further found that up to the date of the trial more than a year after the enactment of the November, 1956 ordinance no Board of Appeals had been appointed so that there was no body to which defendants might apply for a permit

and therefore the ordinance was ineffective as to the defendants. Thereupon the court directed dismissal of the complaint.

The respondent in this proceeding, however, relies upon finding of fact numbered 13 in the prior action which found that " The defendants had commenced construction of a trailer camp upon the premises, incurred liabilities, had done a substantial amount of work towards the completion of said camp prior to the enactment *of any ordinance* of the Town of Newfane pertaining thereto and thus have acquired a vested right to use said premises as a trailer camp." (Emphasis supplied.) The decision thereafter made findings as to the validity of the two ordinances.

It thus is apparent that crucial finding number 13 was based on the preceding specific findings establishing a nonconforming use prior to the enactment of any ordinance. But the extent of such nonconforming use was never decided. Upon the prior trial there was testimony, as heretofore stated, that two trailers had been placed on the property and there were stalls for a total of 10 trailers. Moreover, as also stated before, the town in its amended complaint requested that the rights of the defendants be determined and defined. This was not done.

Finally, in its brief in this court on the prior appeal the town presented the issue that the " trial court should have determined the rights of the parties as of the date of trial and, if the defendants had any vested rights, the nature and extent of those rights should have been determined and judgment ordered accordingly." The respondents, on the other hand, contended that inasmuch as the trial court had found as a fact that construction of the camp had been commenced prior to the passage of any ordinance the complaint had been properly dismissed. This court, as stated, affirmed without opinion (6 A D 2d 755). It follows from all of this that in the present proceeding there is a threshold question as to whether or not the court in the former action adjudicated the nature and extent of the rights of the defendants therein to a nonconforming use of the property so that the issue may be found now to be *res judicata.*

In the present proceeding no testimony was taken but it appears from the petition, answer and affidavit that in 1958 the town enacted a further ordinance providing for the licensing of trailers. In 1960 petitioner made written application for a license to place 50 trailers on the property. The application was granted to the extent of 10 stations but denied for the 40 additional stations.

The issues are further complicated by a consideration of the subject premises. It appears from the contents of the records on both appeals that there are actually two parcels of land. One

was acquired by the Meehans and the other by the Farbers (defendants in the prior action). One parcel fronts on the Lockport-Olcott Road and is approximately 197 by 300 feet. The 10 trailers are located thereon. The other tract adjoins in part the front parcel and runs parallel with the road 350 feet and is 600 feet deep. One parcel is in a residential zone where there are no other nonconforming uses. The other parcel is in an agricultural district and trailer camps are permitted thereon upon approval of the Zoning Board.

The devolution of title to the two parcels during the past five years is not clear from the record herein. There are intimations that the joint ownership of the Meehans and Farbers terminated in a partition action and the present owners, Santarsiero, acquired title at the sale conducted therein. In any event it is reasonably clear that the corporate petitioner is now a lessee of the premises and has never occupied any other status. Moreover, it does not appear in the findings in the prior action that the corporation, as a defendant, was found to have any recognizable standing as a litigant. There was a finding that the individual defendants had formed the corporate defendant. There was no finding that the latter was a lessee or that it had any other relationship to the premises. Its position as a privy to the individual defendants in the prior action or to the present owners or intermediate owners requires exploration and determination.

We conclude that triable issues are presented (Civ. Prac. Act, § 1295). Upon that trial it will be necessary to determine, among other issues, what rights were acquired by the individual defendants in the prior action and the standing of the present corporate petitioner to assert that aspect of *res judicata* commonly referred to as collateral estoppel in the event it is first determined that such doctrine is applicable in the light of the facts developed upon the trial.

If it should be determined that the prior findings constituted a determination that the petitioner has legal standing to assert the right to a nonconforming use of the premises to the extent of 10 trailer stations, then consideration must be given to the contention of the town that the enlargement to 50 trailers would be invalid " upon the ground that a substantial extension or enlargement is, in all practical aspects, a change in the previously existing use." (2 Rathkopf, Law of Zoning and Planning, p. 59–1. (See, also, *Matter of Gerling* v. *Board of Zoning Appeals*, 6 A D 2d 247, 250, 251.)

In passing upon this issue the trial court will be required to consider the physical aspects of the two parcels and the obvious

increase in the use of land area. On this subject it has been written: "An ordinance limiting the non-conforming use to the 'tract' or 'area' used at the time of the adoption of the ordinance necessarily involves a determination of the extent of the use at such time, i.e., whether the whole, or a part only of the tract or area was devoted to the non-conforming use. The criterion generally applied in the first situation is that stated by the New Jersey Superior Court in Gross v. Allen [37 N. J. Super. 262] as follows: 'The inception of a non-conforming use on a limited part of a plot does not necessarily constitute a preemption of the entirety of the plot for uses of that character as against a later prohibitory ordinance. *De Vito* v. *Pearsall,* 155 N. J. L. 323, 325, 180 A. 202 (Sup. Ct. 1935); *Martin* v. *Cestone,* 33 N. J. Super. 267, 110 A. 2d 54 (App. Div. 1954). The criterion is whether the nature of the incipient non-conforming use, in the light of the character and adaptability to such use of the entire parcel manifestly implies an appropriation of the entirety to such use prior to the adoption of the restrictive ordinance.' " (2 Rathkopf, Law of Zoning and Planning, pp. 60-3–60-4.)

Lastly, consideration must be given to *Matter of Harbison* v. *City of Buffalo* (4 N Y 2d 553, 559) wherein it was said: "It should be noted that even where the zoning authorities may not prohibit a prior nonconforming use, they may adopt regulations which restrict the right of the property owner to enlarge or extend the use or to rebuild or make alterations to the structures on the property [citing cases]."

The order should be reversed and the matter remitted to Special Term for further proceedings in accordance with this opinion.

WILLIAMS, P. J., GOLDMAN and HENRY, JJ., concur.

Order unanimously reversed, with $25 costs and disbursements and matter remitted to Special Term for further proceedings in accordance with the opinion.