■ RANDALL-SMITH, INC., Respondent, v. 43RD ST. ESTATES CORP. et al., Appellants.— Judgment in this action for violation of the covenant of quiet enjoyment and for other relief, unanimously modified, on the law and on the facts, to the extent of eliminating the item of $1,500 for legal expenses, and, as so modified, affirmed, with $50 costs to defendants-appellants. We regard the legal expenses to have been incurred in connection with the instant litigation and hence not recoverable. (Doyle v. Allstate Ins. Co., 1 N Y 2d 439; David Accoustical Corp. v. Hanover Ins. Co., 22 A D 2d 843.) Appellants contend the gross damages should have been discounted in order to

determine present worth and for this purpose they have set out in their brief tables of present worth. The issue was not raised at the trial nor was such evidence introduced and appellants may not rely thereon on this appeal. To be considered on appeal, the question must be presented to the trial court in a manner sufficient to obtain a ruling thereon. (*Flaum* v. *Picarreto*, 226 N. Y. 468; *Crogan* v. *Persion*, 173 App. Div. 292; see, generally, 4 C. J. S., Appeal & Error, § 243.) Where, as in the instant case, the lessee remains in possession and pays the full rent reserved in the lease, without abatement or allowance for the rent attributable to the space taken by the lessor, the award of damages to the lessee for the reasonable rental value thereof is not to be reduced by the rent for said space thereafter to be paid by the lessee. (*Peerless Candy Co.* v. *Halbreich*, 125 Misc. 889.) There is testimony to the effect that the tenant Smith could have produced $5,000 worth of business during the balance of the year following the taking, most of which, if not all, would have inured to the plaintiff corporation. The learned trial court also found that as a result of the unlawful taking of the tenant's space the operations of the plaintiff were "interrupted, hampered, and in some measure made impossible". There was sufficient evidence on which to predicate a finding of loss of profits in the sum of $1,000. The evidence below amply sustained the claim that appellants acted with malice and that the respondent was disseized, ejected or put out of real property in a forcible manner. This is sufficient to warrant the trebling of damages. (See McKinney's Cons. Laws of N. Y., Book 49½, Real Property Actions and Proceedings Law, § 853; *I.H.P. Corp.* v. *210 Cent. Park So. Corp.*, 16 A D 2d 461, affd. 12 N Y 2d 329; *Walker* v. *Sheldon*, 10 N Y 2d 401.) Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens.