Berítard S. Meyer, J.
The papers on this motion to dismiss an article 78 proceeding are somewhat confused because respondents ’ counsel has misconceived the applicability to such a proceeding of CPLR 3211 (subd. [c]) and put into his supporting affidavits much of the pleading and evidence that should have gone into an answer and return. An article 78 proceeding is a special proceeding (CPLR 7804, subd. [a]), intended to be summarily decided ‘ ‘ upon the pleadings, papers and admissions to the .extent that no triable issues of fact are raised ” (CPLR 409, subd. [b]), and to be tried forthwith if a triable issue is raised (CPLR 7804, subd. [h]). A respondent who has an objection in point of law is given the option of raising it either by motion to dismiss before answer or by setting it forth in his answer. When he seeks to have the court pass not only upon his objections but also upon the merits of the proceeding as disclosed by the pleadings, papers and admissions, he has but to incorporate the objections in his answer, and the court will, if it does not *42 dismiss on the basis of the objections, then consider the papers, pursuant to CPLB 409 (subd. [b]), in the same fashion as it would on a motion for summary judgment, and will set the matter for trial only if it concludes that there is a triable issue of fact. To hold CPLB 3211 (subd. [c]) applicable and sanction the procedure here attempted by respondents would be to ignore the existence of CPLB 409 (subd. [b]) and to deprive petitioners of the right given them by CPLB 7804 (subd. [d]) to reply to new matter in the answer or dispute the accuracy of the return. The court will, therefore, in passing upon the motion to dismiss, consider only the petition and exhibits annexed to it and matters which must or may be judicially noticed.
On the basis of such consideration it is clear that the petition is sufficient, notwithstanding respondents’ contentions that (1) a Board of Appeals has no jurisdiction to pass upon a permit issued by the Board of Trustees, (2) the appeal was not timely, and (3) petitioners are not persons aggrieved.
On the jurisdiction point respondents rely upon Matter of Katz v. Board of Appeals (21 A D 2d 693), which held that a Village Board of Trustees is not an “ administrative official” within the meaning of section 179-b of the Village Law and that its act in issuing a permit, though administrative in nature, could be reviewed only in an article 78 proceeding. The record in that case shows that it involved a special exception permit,, but it is not necessary to determine whether that is a sufficient basis to distinguish the present case, which concerns simply a building permit, for there is another basis for distinction. The permit issued in the Katz case was issued by the Trustees pursuant to the Village Zoning Ordinance. In the instant case article VI, section 10 of Ordinance No. 11 (Zoning Ordinance) of the Village of Bussell Gardens provides that “ No building shall be erected or altered * * # until the Building Inspector shall issue a permit certifying that the proposed building or the proposed altered 'building and the use complies in every respect with this ordinance” (emphasis supplied). While article III, section 10 of the zoning ordinance requires approval of a building permit by the Board of Trustees, its provisions are not applicable to a commercial building such as is the subject of the permit in this case.
Nor is the Board of Appeals deprived of jurisdiction to review the Building Inspector’s determination under article VI, section 10 of the zoning ordinance by the provisions of article I, section 4 of ordinance 15 (the Building Code). In the first place, under the latter section the Building Inspector’s approval of the application or plan is a condition precedent to consideration by *43 the Board of Trustees and the Building Inspector must sign the permit. More importantly, subdivision 1 of section 4 makes clear that if ‘ ‘ the Board of Trustees be satisfied that there is full compliance with the provisions of this Ordinance, the Board of Trustees shall promptly issue a permit therefor ” (emphasis supplied). Thus, the Trustees pass only upon compliance with the Building Code, an enactment wholly separate from the zoning ordinance (see Matter of Rosenstein v. Curran, 21 A D 2d 802; Matter of Village of Is. Park v. Bulk Plants, 258 App. Div. 185; Matter of Cassety [Dobson], 255 App. Div. 928) and their having done so does not relieve the Board of Appeals of its obligation under section 179-b of the Village Law of reviewing the Building Inspector’s determination that there was compliance with the zoning ordinance. Paragraph 9 of the petition pleads that the Building Inspector (erroneously designated Commissioner) in approving the plans acted contrary to the authority granted him and, thus, sufficiently raises the point.
The question of timeliness arises because the permit was issued March 19, 1970 and the appeal was filed on May 27, 1970. The petition alleges that the petitioners inquired of the Village Clerk for Rules of the Board of Appeals fixing the time to appeal and were told that there were none (pars. 10, 11) and that the failure to file rules precludes respondents’ reliance upon them (par. 16). Those allegations are sufficient, if proved, since section 17'9-b of the Village Law requires that every rule of the board ‘ ‘ shall immediately be filed in the office of the board and with the Village Clerk and shall be a public record.” Moreover, the board’s decision, which is annexed as an exhibit to the petition, indicates that it computed the time to appeal from the issuance of the permit, whereas Matter of Pansa v. Damiano (14 N Y 2d 356) and Matter of Highway Displays v. Zoning Board of Appeals (32 A D 2d 668) hold that the time to appeal of a property owner who has not received actual notice of the issuance of a permit runs not from the issuance of the permit but from the time he reasonably became chargeable with notice of its issuance, provided there has been no element of undue delay or laches.
On the issue of petitioners’ standing to appeal, the petition (par. 15) alleges that they own property immediately abutting the property for which the permit was issued. Whatever the ultimate determination may be on the fact question whether petitioners ’ property was adversely affected, that allegation sufficiently pleads petitioners’ right under the sixth unnumbered paragraph of section 179-b of the Village Law to maintain the proceeding. Of course, in so ruling the court does not pass *44 upon whether the board’s finding, that petitioners were not entitled to appeal because not persons aggrieved within the meaning of the second unnumbered paragraph of the section, was supported by substantial evidence, that not being an issue for consideration on this motion to dismiss.
A short-form order has accordingly been signed denying the motion and directing that the matter proceed as in CPLE 7804 (subd. [f]) provided. In reaching its decision the court has not considered the letter of August 7,1970 from respondents’ counsel or the letter of August 10,. 1970 from petitioners’ counsel, both of which were submitted without permission.