John W. Sweeny, J.
By this article 78 proceeding petitioners seek a judgment annulling the respondent board’s determination whereby it rejected their notice of appeal as untimely and thereby upheld the issuance of a building permit to respondents Ashley.
The permit in question was issued by the building inspector on November 28,1972. Petitioners, neighboring landowners, did not file their notice of appeal with the Zoning Board of Appeals until April 4,1973, some 127 days after the issuance of the permit and after the Ashleys had entered into a building contract.
On April 9, 1973 the Board of Appeals notified petitioners that their appeal had been placed on the agenda for the April 10, 1973 meeting for consideration. On the same day, April 9,1973, it is alleged that the attorney for the Ashleys advised petitioners that a motion would be made at the April 10 hearing to dismiss said appeal as untimely. There is evidence that petitioners were told by the Board Chairman that their application would not be considered until April 19,1973.
In any case the notice of appeal was considered as well as respondent Ashley’s motion to dismiss the appeal at the April 10 meeting. None of the petitioners were present at this meeting during which the board dismissed the appeal as being both untimely and without merit.
There is no question that the board had no jurisdiction to consider the merits of the appeal without giving petitioners reasonable prior notice as well as giving public notice in accordance with section 62-44 of the ordinance.
*340 However, the right to notice and the right to he heard, regarding the board’s consideration of the timeliness of the appeal is another question altogether.
It should be mentioned at this juncture that the respondent board, although authorized by its zoning ordinance section 62-41 and directed by section 179-b of the Village Law, had not established a time limit for taking an appeal. Each appeal was apparently determined to have, or have not been taken within a reasonable period of time based on the peculiar circumstances of that particular case.
The crucial question in this proceeding then is whether the Zoning Board of Appeals, absent a definitive time limitation established by general rule, has jurisdiction to determine under any circumstances what has, or has not been a ‘1 reasonable time ” after which no appeal may be taken. The court believes that this question must be answered in the negative and that only a court of competent jurisdiction can make this preliminary ruling on the timeliness of an appeal made to an administrative board when the board has failed to adopt a time limitation (almost universally set at 30 days).
While a Zoning Board of Appeals has the right, in the first instance, to decline to review a decision of an enforcement official if the aggrieved litigant has failed to perfect his appeal within the time limited by general rule (cf. Anderson, Zoning Law and Practice in New York State [1963], § 20.05), in the instant case no general rule was formulated by the board. Due to this failure the confusion and chaos predicted by the Appellate Division, Fourth Department in Matter of Ehrenberg v. Persons (8 A D 2d 18, 21) has arisen. Because they have been forced to rely on the indefinite “ reasonable time ” standard, the respondents Ashley as well as the petitioners were effectively deprived of their right to know when the building permit became final and immune from attack.
As the court held in Ehrenberg (supra, p. 21), the parties “ should not be subjected to a preliminary fact finding by the board that the appeal has or has not been taken within a reasonable time.” This procedure is contrary to the statute (Village Law, § 179-b) and is a determination which a zoning board has no authority to make.
When faced with a similar situation, i.e., defective local rules, in Ehrenberg (supra), Special Term and not the board was directed to make this preliminary determination.
The court notes that in Ehrenberg there was a substantial question to be determined as to whether the petitioners had been *341 lulled into inaction by respondents. Consequently, a hearing was ordered in .Special Term in that case. However, in the instant case there is no issue of petitioners’ being misled or lulled into inaction. Therefore, there does not appear to be any reason for a hearing. Petitioner, Thomas W. Maroney, Esq., acting as his own counsel, stated during oral argument before this court that after issuance of the building permit they (the petitioners) with full knowledge of the issuance of same, waited and watched for some building activity on the lot in question before rushing down to the board with the notice of appeal.
Petitioners’ hurried submission of an appeal 127 days after the issuance of the permit and at a time when respondents, Ashley, had already entered into a buiding contract which holds them liable for costs resulting from work stoppage due to legal proceedings, is a totally unreasonable delay. The court must conclude that this delay of over four months is, standing alone, unreasonable. In addition, the fact that the respondents were lulled into entering a building contract due to petitioners’ inaction indicates a clear case of loches on the part of petitioners which should preclude them from the relief they now seek. (Matter of Pansa v. Damiano, 14 N Y 2d 356, 360; Matter of Highway Displays v. Zoning Board of Appeals of Town of Wappinger, 32 A D 2d 668.)
Accordingly, the petition is dismissed. Settle order on notice which order should provide for vacating the stay imposed by order to show cause.