In the Matter of GILBERT CAVE et al., Respondents, v ZONING BOARD OF APPEALS OF VILLAGE OF FREDONIA, Respondent, and MARIA SELLARI, Appellant.

Fourth Department, October 31, 1975

*Collesano & Sommer (Woodin & Carpenter,* by *Bruce K. Carpenter,* of counsel), for appellant.

*Daley & Valvo (Robert H. Daley* of counsel), for respondents.

MAHONEY, J. In this article 78 proceeding, appeal is taken from judgment of Supreme Court, Chautauqua County, Special Term, which reversed a determination of the Zoning Board of Appeals of the Village of Fredonia, revoked certain building permits issued to appellant, and restrained and enjoined appellant from maintaining an automobile trailer park facility beyond a limited portion of appellant's premises.

In 1955 there was located on a portion of appellant's property, which was situate in a residential zone of the village, nine house trailer units. Effective on July 25, 1955 the Board of Trustees of the Village of Fredonia enacted an ordinance entitled "Trailer Ordinance of the Village of Fredonia, New York" which provided, in substance, that no automobile trailer park shall be located in a residential zone except upon permit or license to be issued by the Village Board of Trustees pursuant to application in accordance with provision contained in said ordinance. On August 19, 1955 appellant's predecessor in title made application for licensing of the subject premises, depicting nine existing trailer unit locations with six additional proposed trailer unit locations. Upon consideration of said application the Village Board of Trustees approved issuance of the requested license for operation of an automobile trailer park on applicant's premises "to the extent that such a camp existed on July 25, 1955, the date of the adoption of the trailer ordinance". Disposition of a subsequently filed application on September 10, 1955, reflecting 15 trailer unit locations on the subject property, is not disclosed in the record other than payment of the per unit licensing fee for each trailer which would indicate confinement to nine units.

In 1969 the Zoning Ordinance of the Village of Fredonia was amended with trailer courts being excluded entirely from residentially zoned districts but with provision therein contained for continuance of pre-existing nonconforming use. Such was the status of the subject property when acquired by appellant on January 17, 1970. On December 19, 1972 appellant filed application for a building permit for eight additional

trailer unit locations on her property which was approved by the Building Inspector on the basis that it was "a continued nonconforming usage". On March 21, 1973 appellant submitted a further application for a building permit to increase the number of trailer unit locations on her property, requesting 14 additional trailer unit locations rather than the 8 for which a building permit had been issued, which application was granted with issuance of a building permit on March 26, 1973, containing a similar notation that "it is a continuation of a nonconforming usage".

Petitioners, being property owners and residents in the immediate vicinity of appellant's property, first became aware of the issuance to appellant of the subject building permits on June 20, 1973 when they observed bulldozer operations being conducted on appellant's property. On June 26, 1973 petitioners filed a notice of appeal with the Zoning Board of Appeals of the Village of Fredonia from the decision of the Building Inspector's grant of the permits to appellant for the additional 14 new trailer unit locations on her property; and, after a hearing, the Zoning Board of Appeals sustained the validity of the issued building permits. Their determination was premised, in effect, upon the fact that since there was no expansion or enlargement of the boundaries of appellant's property upon which the present nonconforming trailer court was being operated, the proposed additional trailer unit locations authorized by the issued building permits did not constitute any extension of such nonconforming use.

This proceeding was thereafter brought by petitioners for review of that determination of the Zoning Board of Appeals. Special Term in reversing the determination of the Zoning Board of Appeals and revoking the issued building permits determined that the construction of 14 new trailer unit locations on appellant's property constituted an unlawful extension of an existing nonconforming use.

Three issues are here raised on this appeal, two procedural and the third substantive. Appellant contends that petitioners, who were neighbors but not adjoining landowners, had no standing to maintain an appeal to the Zoning Board of Appeals without proof that their respective lands would be adversely affected by the further development of the trailer court or that petitioners were aggrieved parties. The record indicates that appellant did not raise this issue in her answer to the petition filed in this article 78 proceeding, nor was any

motion made to dismiss the petition on that ground, with the point neither briefed nor argued at Special Term. On this status of the record the case does not qualify as an exception to the general rule that an appellate court will not give consideration to contentions first raised on appeal which were not raised in the court below. (See 10 Carmody-Wait 2d, New York Practice, §§ 70:300, 70:301; *Flagg v Nichols*, 307 NY 96, 99; *Randall-Smith, Inc. v 43rd St. Estates Corp.*, 23 AD2d 835, 836.)

Nor is there merit to appellant's contention concerning "timeliness" of petitioners' appeal to the Zoning Board of Appeals. Zoning Boards of Appeal are mandated by section 7-712 of the Village Law to fix, by general rule, the time in which an appeal must be taken. Here the Zoning Board of Appeals of the Village of Fredonia has not adopted a general rule governing the time for appeal. In such case the time to appeal has been governed by a standard of reasonableness, determination of which is reserved for the reviewing court *(Matter of Ehrenberg v Persons*, 8 AD2d 18; *Maroney v Friere*, 74 Misc 2d 339). In consideration of the reasonableness of time in which an appeal is to be taken, *Matter of Pansa v Damiano* (14 NY2d 356) would indicate that the commencement of the period runs from the date that grievant becomes chargeable with notice of issuance of the permit complained of, provided that there has been no element of undue delay or laches. (See, also, *Matter of Highway Displays v Zoning Bd. of Appeals of Town of Wappinger*, 32 AD2d 668; *Matter of Levien v Board of Zoning and Appeals*, 64 Misc 2d 40, 43.) On this record petitioners were chargeable with notice of issuance to appellant of the building permits on June 20, 1973 and notice of appeal was filed within six days thereafter. There being no indication evidencing undue delay or laches, Special Term correctly determined that petitioners' appeal was timely taken.

The final issue on this appeal is whether the placement and construction of 14 additional trailer unit locations on appellant's premises would constitute an illegal extension of an existing nonconforming use. Subdivision 1 of section 1111 of the village's 1969 Amended Zoning Ordinance provides that an existing nonconforming use may be continued. Subdivision 5 of section 1111 of the ordinance relates to the maintenance and extension of nonconforming uses but, by its terms is here inapplicable, being confined to situations requisite for compli-

ance with the provisions of said nonconforming use section of the ordinance, with self-contained limitations.

The record indicates that the Zoning Board of Appeals determined that appellant's trailer park existed to the extent of the perimeter boundaries of the entire property owned by appellant's predecessor in title on July 25, 1955, the date of the restrictive trailer park licensing ordinance. It also appears that the board's decision was based upon its interpretation of the term "any plot of ground" and "any lot" as used in the definitional sections of an "automobile trailer park" and "mobile home park" contained in the respective licensing ordinance of 1955 and Amended Zoning Ordinance of 1969. They were deemed synonymous with the perimeter boundary lines of appellant's entire property.

It is acknowledged that a court should not set aside a determination of a Zoning Board unless it was made "in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803, subd 3). Nor will a court substitute its judgment for that of such board or set it aside unless it clearly appears to be arbitrary or contrary to law (Matter of Fiore Zoning Bd. of Appeals, 21 NY2d 393, 396).

However, here the Zoning Board's decision in so interpreting the plottage extent of the subject premises' nonconforming use as a trailer park was affected by an error of law. There is no evidence in the record to substantiate the board's premise that "any plot of ground" or "any lot" utilized as a trailer park was synonymous with the perimeter boundary dimensions of the parcels of land owned by appellant. But on the contrary, under section 1107, subd (2)(a) of the Amended Zoning Ordinance of 1969, definitive information concerning property boundary lines and specific trailer site locations is required by the application for a mobile home park license. Such expressed legislative specification requirements evidenced the restrictive intent for the administration and interpretation of the ordinance, as opposed to the liberal construction and interpretation here invoked by the Zoning Board of Appeals, constituting a vitiating error of law.

In considering whether an illegal extension of a nonconforming use would result from the permits here issued, we note that in Matter of Fairmeadows Mobile Vil. v Shaw (16 AD2d 137) we were confronted with a similar issue. In remitting the matter in Fairmeadows (supra, pp 141-142) we indi-

cated guidelines, which would also be here appropriate, viz: "In passing upon this issue the trial court will be required to consider the physical aspects of the two parcels and the obvious increase in the use of land area. On this subject it has been written: 'An ordinance limiting the non-conforming use to the "tract" or "area" used at the time of the adoption of the ordinance necessarily involves a determination of the extent of the use at such time, i.e., whether the whole, or a part only of the tract or area was devoted to the non-conforming use. The criterion generally applied in the first situation is that stated by the New Jersey Superior Court in Gross v Allen [37 NJ Super 262] as follows: "The inception of a non-conforming use on a limited part of a plot does not necessarily constitute a pre-emption of the entirety of the plot for uses of that character as against a later prohibitory ordinance. *De-Vito v Pearsall,* 155 NJL 323, 325, 180 A 202 (Sup Ct 1935); *Martin v Cestone,* 33 NJ Super 267, 110 A2d 54 (App Div 1954). The criterion is whether the nature of the incipient non-conforming use, in the light of the character and adaptability to such use of the entire parcel manifestly implies an appropriation of the entirety to such use prior to the adoption of the restrictive ordinance." ' (2 Rathkopf, Law of Zoning and Planning, pp 60-3–60-4.)"

Applying the foregoing principles to the facts of this case, it cannot be concluded that the nature and extent of the nonconforming use of the subject property by appellant and her predecessors in title manifested an appropriation of the entirety of her lands to such trailer court use prior to the adoption of the restrictive licensing and Amended Zoning Ordinances. The nature of the nonconforming use prior to both ordinances was to the extent of nine trailer unit locations. The expansion of 14 additional trailer unit locations, which would more than double the number of locations on appellant's property, would constitute a prohibited extension or enlargement of an existing nonconforming use.

One of the prime purposes of restrictive zoning is the phasing out of nonconforming uses by prohibiting any extension thereof. While the benefit to the public of restrictive zoning does not justify immediate destruction of nonconforming uses *(People v Miller,* 304 NY 105), the basic principle of zoning embraces the concept of ultimate elimination of nonconforming uses. *(Matter of Harbison v City of Buffalo,* 4 NY2d 553.) The Court of Appeals has stated that: "even where

the zoning authorities may not prohibit a prior nonconforming use, they may adopt regulations which restrict the right of the property owner to enlarge or extend the use or to rebuild or make alterations to the structures on the property". *(Matter of Harbison, supra,* p 559.)

Here the village's 1969 Amended Zoning Ordinance is based upon these principles. Nonconforming uses are permitted to continue but any extension or alteration must be for the limited purpose of complying with the nonconforming use section of the ordinance, provided that the alteration or extension does not tend to increase the inherent nuisance. The Zoning Board in applying the provisions of the ordinance did not adhere to this policy. The grant of the building permits to appellant would constitute and allow the extension of her nonconforming use which is prohibited. Special Term, therefore, properly determined that the building permits issued to appellant should be revoked.

MOULE, J. P., SIMONS, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously affirmed without costs.