# FOURTH DEPARTMENT, DECEMBER, 1981

## (December 1, 1981)

■ In the Matter of GEORGE FOSTER et al., as Residents and Taxpayers of the Town of Webster, Appellants, v CHARLES SAYLOR et al., Constituting the Board

of Appeals of the Town of Webster, et al., Respondents. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: This CPLR article 78 proceeding was instituted to review the decision of the Board of Education of the Webster Central School District of the Town of Webster (School Board) to lease its Schlegel Road Elementary School (Schlegel Road School), located in an R-3 Residential Zone, to the Xerox Corporation (Xerox) for limited industrial use and office space for a term of five years, with the option to renew, and the subsequent decision of the Board of Appeals of the Town of Webster (Zoning Board) which approved a use variance for the property. The Schlegel Road School is 1 of 4 secondary and 10 elementary school buildings located in the Webster Central School District (School District), and is the School District's most modern facility. The school building is a one-story structure containing 63,870 square feet and it is situated on a 21.47-acre parcel. When completed in 1973, the School Board found that the facility was not needed and it remained unused until 1976. Between 1976-1979 it was leased to the Board of Cooperative Educational Services for an annual rent of $61,250. It was thereafter used by the School District as an elementary school through June, 1981. On July 14, 1981, following a public hearing, the School Board accepted a proposal by Xerox to lease the property at an annual rent of approximately $400,000 and authorized the closing of the school and the transfer of its students and faculty. On July 28, 1981, the Zoning Board granted a use variance for the Schlegel Road property to the School District subject to certain conditions. We affirm Special Term's dismissal of the petition against the School Board. The decision to close the school and reassign its students to another school was a question involving the exercise of professional judgment in a school matter which may be appealed only under section 310 of the Education Law to the State Commissioner of Education *(Matter of Walker v Board of Educ.,* 78 AD2d 982). With regard to petitioner's challenge of the grant of the use variance by the Zoning Board, we agree that the lease of the Schlegel Road School to Xerox is subject to local zoning regulations (see *Little Joseph Realty v Town of Babylon,* 41 NY2d 738; *Nehrbas v Incorporated Vil. of Lloyd Harbor,* 2 NY2d 190; *Matter of Board of Educ. v City of Buffalo,* 32 AD2d 98); however, our examination of the record discloses that the School District provided requisite proof for a use variance. This court's power to review a zoning board's decision to grant a variance is limited. "[T]he determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record." *(Matter of Cowan v Kern,* 41 NY2d 591, 598.) Here the proof demonstrated the demographic and economic problems plaguing the School District and established that it has been unable to lease its unused schools for a sufficient rent to cover the cost of the debt service on the properties. A yearly rent thousands of dollars less than the annual debt service is not a reasonable return (see *Matter of Jayne Estates v Raynor,* 22 NY2d 417). There is additional evidence that the School District has not been able to sell any of its school buildings for a permissible use: for some time the School Board made no secret of its desire to sell or lease its school buildings; this topic was addressed at public meetings by board members whose intentions were reported in the local newspaper; discussions were carried on with interested representatives of three local parochial schools, the Town and Village of Webster authorities and others; and, the buildings were exhibited to realtors who generally were aware of their availability. Nonetheless, the School Board received no offer for any of the properties except one from the United States Army to purchase a school building subject to approval of Congress. "[P]roof that the property cannot be sold for any permitted use is evidence that the land

will not yield a reasonable return if its use is confined to permitted uses (1 Anderson, New York Zoning Law and Practice [2d ed.], § 18.13)." *(Matter of Moore v Nowakowski,* 44 AD2d 901.) There is substantial evidence in the record that the School District cannot realize a reasonable return on the property as zoned (see *Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39; *Matter of Otto v Steinhilber,* 282 NY 71). Further, there was proof that the hardship was due to unique circumstances related to the property and not to general conditions of the neighborhood, and was not self-created; that the use authorized by the variance will not alter the essential character of the locality; and that the variance, in effect did not constitute a zone change. The return before us discloses the facts relied on by the Zoning Board in arriving at its decision and is sufficient to decide this appeal (see *Matter of Elliott v Galvin,* 33 NY2d 594; *215 East 72nd St. Corp. v Klein,* 58 AD2d 751; *Matter of New York City Housing & Redevelopment Bd. v Foley,* 23 AD2d 84). We conclude that the decision of the Zoning Board was not irrational or arbitrary and capricious (see *Matter of Cowan v Kern,* 41 NY2d 591, *supra).* It appears, however, that the variance should have been limited to the Schlegel Road School building and the portion of the adjacent property upon which a parking area will be built in accordance with the requirement of the town code that the variance be the minimum necessary to afford relief (see Webster Town Code, § 59-97, subd D, par [3], cl [e]). Accordingly, the grant of the variance is modified so that it shall be applied to and limited to that portion of the property to be actually used by Xerox under the terms of the lease (Town Law, § 267, subd 10). (Appeal from judgment of Monroe Supreme Court, Tillman, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Schnepp, JJ.