■ In the Matter of ROSTLEE ASSOCIATES, LTD., Respondent, v STANLEY P. AMELKIN et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated May 1, 1984, which denied the petitioner's application for a use variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated April 11, 1985, which granted the petition, annulled the determination, and directed the Board to issue the variance applied for.

Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits.

The petitioner Rostlee Associates, Ltd., is the contract vendee of certain premises which include two surplus school buildings, the Old Hills School, and the New Hills School in Dix Hills, New York. The petitioner's obligations under the contract of sale were conditioned upon its obtaining permission from the appropriate authority to use the subject land and the obsolete school buildings as a medical office center. The petitioner's application for a use variance was denied by the Zoning Board of Appeals of the Town of Huntington, but Special Term, in the instant CPLR article 78 proceeding, annulled that determination and ordered that the use variance be granted.

We agree with the petitioner that, as in the similar case of Matter of Commco, Inc. v Amelkin (109 AD2d 794), the record establishes that the owner of the subject property cannot obtain a reasonable return on its investment in the two school buildings if required to use the land in conformity with the prevailing single-family residential zoning. We also agree that the plight of the owner in this case is due to unique circumstances in the sense that the hardship condition is "not so generally applicable throughout the district as to require the conclusion that if all parcels similarly situated are granted

variances the zoning of the district would be materially changed" *(Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963, 965).

We find, however, that there exists substantial evidence to support the Board of Appeals determination to deny the application. A use variance may not be issued if the use to be authorized would alter the essential character of the locality *(Matter of Otto v Steinhilber,* 282 NY 71, 76, *rearg denied* 282 NY 681). Whether a variant use would disturb the essential character of a residential neighborhood is a determination which, like other zoning decisions, is best left to "[l]ocal officials [who] possess the familiarity with local conditions necessary to make the often sensitive planning decisions which affect the development of their community" *(Matter of Cowan v Kern,* 41 NY2d 591, 599). Thus, such a determination is subject to limited judicial review, and will be sustained if supported by substantial evidence *(Matter of Cowan v Kern, supra).*

The petitioner argues that our decision in *Matter of Commco, Inc. v Amelkin (supra)* is controlling in the present case. We disagree. In *Matter of Commco, Inc. v Amelkin (supra),* we held that there was no rational basis in the record upon which to conclude that the proposed use of an obsolete school building as a residence for senior citizens would alter the character of the neighborhood. We noted, in particular, that there was uncontradicted evidence that there would be less vehicular traffic associated with such a proposed use than with the permitted use of the building as a school. Such is not the case here, where the evidence indicates that the proposed medical center would generate traffic consisting of approximately 2,760 vehicles per day. Furthermore, the proposed use itself is, in this case, much more intense, and is essentially commercial, while in *Matter of Commco, Inc. v Amelkin (supra),* the proposed use was essentially residential. Thus, in the present case, there is substantial evidence to support the inference that allowing the proposed use would create a "commercial atmosphere" in the neighborhood *(see, Matter of Fiore v Zoning Bd. of Appeals,* 21 NY2d 393), and that the essential character of the locality would be altered. While the opposite conclusion might also be sustainable *(see, e.g., Matter of Foster v Saylor,* 85 AD2d 876), the court may not substitute its discretion for that of the local zoning board of appeals. Since the determination of the Zoning Board of Appeals in this case is supported by substantial evidence, Special Term erred in setting that determination aside and, accordingly, the

judgment under review must be reversed. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.