■ In the Matter of LEO SPANDORF et al., Appellants, v BUILDING INSPECTOR OF THE INCORPORATED VILLAGE OF EAST HILLS et al., Respondents. [598 NYS2d 28] —In a proceeding pursuant to CPLR article 78 to compel the Building Inspector and Village Clerk of the Incorporated Village of East Hills, *inter alia,* to revoke (1) Certificate of Occupancy No. 4183, dated July 29, 1987, (2) Building Permit No. 4492, dated November 16, 1987, (3) Certificate of Occupancy No. 4302, dated November 14, 1988, and (4) the issuance of an annual swimming pool use permit to the respondents Arlene Katz and Seymour Katz, the petitioners appeal from so much of a judgment of the Supreme Court, Nassau County (Kutner, J.), dated March 19, 1991, as (1) dismissed the petitioners' claims regarding Certificate of Occupancy No. 4183 and the issuance of the annual swimming pool use permit, and (2) remitted the matter to the Board of Appeals of the Incorporated Village of East Hills for a hearing on the petitioners' claims regarding Building Permit No. 4492 and Certificate of Occupancy No. 4302.

Ordered that the appellants' notice of appeal is treated as an application for leave to appeal, and the application is granted; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appealing separately and filing separate briefs.

The petitioners contend that their application seeking revocation of Certificate of Occupancy No. 4183, dated July 29, 1987, and the issuance of the annual swimming pool use permit was timely filed. Absent a definitive time limitation

prescribed by the Zoning Board of Appeals, the reviewing court must determine the reasonableness of the time it took the petitioners to file such an appeal *(see, Matter of Cave v Zoning Bd. of Appeals,* 49 AD2d 228; *Matter of Ehrenberg v Persons,* 8 AD2d 18; *Maroney v Friere,* 74 Misc 2d 339). The petitioners did not seek a hearing before the Board of Appeals of the Incorporated Village of East Hills until August 2, 1988, approximately one year after they discovered the issuance thereof. Such a long delayed request was untimely. Therefore, those branches of the petition regarding Certificate of Occupancy No. 4183 and the issuance of the annual swimming pool use permit were properly dismissed.

Contrary to the petitioners' contentions, their claims regarding Building Permit No. 4492 and Certificate of Occupancy No. 4302 were properly remitted to the Board of Appeals of the Incorporated Village of East Hills for a hearing *(see, Matter of Cowan v Kern,* 41 NY2d 591; *see also, Haddad v Salzman,* 188 AD2d 515; *Matter of Rostlee Assocs. v Amelkin,* 121 AD2d 725).

We find the petitioners' remaining contentions to be meritless. Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.