■ In the Matter of ANTHONY ZUMPANO, Individually and as President of the Utica Professional Firefighters Association, Local 32, IAFF, AFL-CIO-CLC, et al., Appellants, v CITY OF UTICA et al., Respondents. [666 NYS2d 62] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioners appeal from a judgment granting respondents' preanswer motion to dismiss the petition in this CPLR article 78 proceeding. Petitioners seek a judgment reinstating petitioners John Nole and Jeffrey DeSarro to the position of firefighter and compelling respondent City of Utica to fill vacant positions in the City of Utica Bureau of Fire.

Upon our review of the petition and exhibits annexed thereto and upon consideration of the State laws and local laws and ordinances of which we may take judicial notice (*see, St. Regis Tribe of Mohawk Indians v State of New York*, 5 NY2d 24, 36, *rearg denied* 5 NY2d 793, *cert denied* 359 US 910, *reh denied* 359 US 1015; *see also, Matter of Levien v Board of Zoning & Appeals*, 64 Misc 2d 40, 41-42), we conclude that Supreme Court erred in dismissing that part of the petition seeking the reinstatement of Nole and DeSarro for failure to state a cause of action, and we modify the judgment to deny that relief. The petition alleges that they were permanently appointed to the position of firefighter on December 29, 1995. Respondents' submissions may not be considered on this preanswer motion to dismiss the petition in this CPLR article 78 proceeding for failure to state a cause of action (*see, Matter of Scott v Commissioner of Correctional Servs.,* 194 AD2d 1042, 1043; *Hondzinski v County of Erie,* 64 AD2d 864, 864-865).

The issue concerning the vacant positions in the Bureau of Fire is moot. The Common Council of the City of Utica enacted Ordinance No. 294 on July 6, 1996, reducing the total complement of the Bureau of Fire to 139 and reducing the complement of firefighters to 99, well below the number of currently filled positions. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—CPLR art 78.) Present—Pine, J. P., Hayes, Callahan, Doerr and Boehm, JJ.