Albina Nolfi *vs.* Zoning Board of Review of the Town of Cumberland.

NOVEMBER 1, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Paolino, J. This petition for certiorari was brought by an applicant for a building permit to review the decision of the respondent board revoking in part a building permit previously issued by the building inspector of the town of Cumberland. Pursuant to the writ the board has certified the pertinent records to this court.

On July 1, 1958 the petitioner filed an application with the building inspector for a permit to make certain alterations and additions to a building located on a parcel of land

purchased by the applicant in March 1952. The application was granted on the same date. Thereafter, on September 11, 1958, Raymond A. Noury, a remonstrant, filed a notice of appeal and an application for a hearing before the board. In his reasons of appeal he alleged in substance that the building inspector lacked authority to grant the permit and that it was consequently invalid and void.

At the opening of the hearing before the zoning board petitioner moved that the appeal be dismissed on the ground that it was not taken within thirty days from the time the permit was granted as required by the bylaws and rules of the board. The board denied the motion and, after a hearing on the merits, entered a decision substantially modifying the permit in question.

In the posture of the record presented to us we must first consider the petitioner's contention that the appeal was not timely. After careful consideration it is our opinion that the denial of the motion was error.

General laws 1956, §45-24-16, provides that appeals to boards of review "shall be taken within a reasonable time as provided by the rules of the board." Article nine, section 1, of the zoning ordinance of said town provides that "appeals to said Board (as well as appeals from its decisions) shall be taken in accordance with the provisions" of the state enabling act. Pursuant to such authority the board adopted bylaws and rules wherein it expressly provided that appeals to the board from any order, requirement, decision or determination of the building inspector "shall be taken within thirty days from the time such order, requirement, decision or determination is given."

It is clear from the foregoing language that what is a reasonable time has been expressly defined by the board in accordance with the authority granted it. The ordinance requires that such an appeal must be taken within thirty days from the granting of the permit. The board does not question the validity of the "thirty days" limitation. In

such circumstances it was duty bound to determine whether there had been compliance with the rule and to apply the rule literally. In this respect the case at bar is distinguishable from *Elmcrest Realty Co.* v. *Zoning Board of Review*, 78 R. I. 432, where, under the ordinance in that case, the board was required to determine what was a reasonable time. But the reasoning in that case applies with equal force to the instant case.

There is no merit in the board's contention that under its bylaw and rule dealing with amendments the "thirty days" limitation applies only to an appeal by an applicant who is refused a permit by the building inspector. Such an interpretation of the rule in question would clearly violate the provisions of §45-24-16 and is repugnant to the express language of the zoning ordinance. The petitioner's motion should have been granted. The board had no authority to hear the appeal on the merits. In the circumstances we do not reach or decide the merits of other contentions argued by the parties. *Elmcrest Realty Co.* v. *Zoning Board of Review, supra.*

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified to this court are ordered sent back to the respondent board.

*John F. Sherlock, Jr., Louis A. Geremia,* for petitioner.

*Antonio S. Almeida,* Town Solicitor of Cumberland, for respondent.