Chief Judge Desmond.
Petitioners Alexander and Ruth Pansa own a dwelling house and lot fronting on Rose Place in a residential (A-2, two-family) zone in the City of Utica. The nearest cross street is Genesee Street. On the comer of Rose Place and Genesee Street nearest to petitioners’ house is the commercially zoned and commercially used property owned by one Sitrin, with its front line on Genesee Street, its side line on Rose Place, and its rear boundary adjacent to the side line of petitioners’ Rose Place lot. This proceeding was brought to review a determination of the city’s Zoning Board of Appeals which rejected petitioners’ appeal from the issuance to Sitrin by the city building commissioner of a permit to build a three-story concrete block building on Sitrin’s land back of his Genesee Street building. The new structure so authorized (and now long since completed) has its front or main entrance on Rose Place. Petitioners assert that the new building violates Utica’s city zoning ordinance in these principal respects (besides others): first, that the new building or addition is a “ warehouse ” and as such prohibited in a commercial zone (art. VII, § 2, subd. 8); second, that the rear wall of the new structure is but 5 feet distant from petitioners’ lot line in violation of section 4 (subd, 3) of article VII of the zoning *358 ordinance which requires that the rear yard of a commercially zoned lot abutting a dwelling district be not less than 20 feet deep. The zoning board dismissed petitioners’ appeal as untimely, as will hereafter be explained herein, and went also to the merits of the controversy, rejecting all Pansa’s objections and holding that the space between the Pansa house and the nearest wall of the concrete structure is not the ‘ ‘ rear yard ’ ’ of the Genesee Street premises within the ordinance’s meaning but is the “ side yard ” of the Bose Street premises and so not subject to the 20-foot restriction. In other words, the board of appeals thought that Sitrin’s new building not only had not been shown to be a “ warehouse ” in the sense of the ordinance but also that Sitrin by turning his building to face Bose Place had made the space adjoining it a “ side yard ” and thus successfully evaded the prohibition against rear yards abutting residential property being less than 20 feet deep. The result, surely not contemplated by the law: a 3-story high concrete wall, of a commercial building, 5 feet from petitioners’ side property line.
Special Term (while declaring as to the merits that petitioners’ objections were not well founded) dismissed .the proceeding on the ground that the appeal to the Zoning Board of Appeals was not taken within the time limited by section 3 of article XIII of the' zoning ordinance. Section 3 requires that such an appeal “be taken within thirty (30) days of the date of the decision, by filing with the Superintendent of Buildings and with the Board a notice of appeal specifying the grounds thereof ’ ’. The Appellate Division unanimously and without leave affirmed Special Term’s order and we granted petitioners leave, to appeal.
The immediate question, therefore, is: was petitioners’ appeal to the board of appeals taken within 30 days of the board’s decision! The material evidence as to this is undisputed. On September 21, 1962 Sitrin applied to the building commissioner for a permit for a structure described on the plans as a “ warehouse ”. The permit was issued on the same day. About September 24 petitioner Alexander Pansa saw that an old building at the rear of Sitrin’s lot was being razed. On September 26 Pansa, made inquiries and was told at the city Buildings Department office that there had been issued to Sitrin a permit *359 to erect a new structure. There followed several meetings between and among Pansa, Sitrin, and representatives of the city Buildings Department, the city Corporation Counsel’s office and the city Planning Commission. After these discussions and on October 9,1962 Sitrin and Pansa both attended at a specially called meeting of the Planning Commission. Pansa requested the commission to revoke the permit. Sitrin’s counsel defended the validity of the permit as issued. The petition in the present proceeding alleges that at the end of the meeting petitioners were told by an assistant corporation counsel “that a written decision would be rendered and submitted to your petitioners ’ ’ and that the losing party could then appeal'to the Zoning Board of Appeals. The answering affidavit in this proceeding, sworn to by the same assistant corporation counsel, neither admits nor denies those allegations but states that at the end of the hearing Alexander Pansa was told by a city official that the permit had been validly issued. However, this ¿nswering affidavit admits that Pansa was told that he “ would be informed ” of the board’s “ opinion”. The same concession is found in the city’s brief on this appeal. On October 24, 1962 petitioners-appellants received by mail from the Buildings Department a letter accompanied by a copy of an opinion from the planning board which documents petitioner Pansa apparently took to be the ‘ ‘ opinion ’ ’ which had been promised him. On the same day he filed and served a notice of appeal to the Zoning Board of Appeals. The Zoning Board of Appeals after' a hearing dismissed the appeal as untimely but, in its decision and despite that dismissal, it proceeded to discuss and decide as against petitioners all petitioners’ arguments for invalidating the permit.
The' whole of the position of the city officials as to the timeliness issue is that the zoning ordinance at the point where it calls for an appeal to be taken “ within thirty (30) days of the date of the decision ” means within 30 days from the issuance of the permit. Such a construction or application might in some fact situations be permissible but on these facts it is unreasonable and undesirable. Strictly applied,, it might prevent any appeal at all since the neighbors might not learn till long afterward of the issuance of a building permit. As applied to an applicant denied a permit the proposed construction might *360 be fair and sensible. But one who demands revocation of a permit issued to another is in no position to appeal or at least should not be required to take his appeal until his demand for revocation has been rejected with some formality and finality. It is the duty of the courts to construe statutes reasonably and so as not to deprive citizens of important rights. In performance of that duty w'e read section 3 of article XIII of the zoning ordinance as meaning that the prescribed 30 days does not begin to run against one who seeks revocation of a permit until his objections have been overruled in a “ decision ” of which he has had notice. This presupposes the putting forward of the objections in proper form and within a reasonable time and without loches, but no such questions are in this ease.
Since we are holding to have been timely petitioners’ appeal to the Zoning Board of Appeals and since the board and Special Term, but not the Appellate Division, have disclosed their holdings on the other issues, the appeal will be held in this court and request made to the Appellate Division to amend its order so as to state its decision as to each of the questions presented other than timeliness of the appeal to the Zoning Board of Appeals.
Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
Determination of the appeal withheld and the Appellate Division requested to amend its order so as to state its decision as to each of the questions presented other than the timeliness of the appeal to the Zoning Board of Appeals.