287 N.W.2d 566 (1980)
Richard BROCK, Appellant,
v.
DICKINSON COUNTY BOARD OF ADJUSTMENT, and Garrett Van Dyke, Betty Matthews, Dorothy A. Frederick, R. D. Arthur, and Robert Fleming, Members, Appellees,
C. D. Fleming and Robert Fleming, Intervenors.
No. 62197.
Supreme Court of Iowa.
January 23, 1980.
*567 Robert Malloy, of Larson & Malloy, Goldfield, for appellant.
Allen Arthur Anderson, Dickinson County Atty., for appellees.
Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS, and McCORMICK, JJ.
UHLENHOPP, Justice.
We have here to decide whether the Board of Adjustment of the Dickinson County Zoning Commission had jurisdiction to refuse to grant a building permit to plaintiff Richard Brock.
At a prior date the Supervisors of Dickinson County, Iowa, adopted Dickinson County Zoning Ordinance Number 10. See ch. 358A, The Code 1979. On July 2, 1975, the zoning administrator for Dickinson County approved a permit allowing Brock to build a "new house" in an area known as Crandall's Beach in that county. About July 23, 1975, a home in two parts was moved onto the lot. Other inhabitants of Crandall's Beach soon voiced concern to the zoning administrator that the dwelling appeared to be a mobile home and therefore violated the Dickinson County zoning ordinance. The administrator received a letter conveying this concern on August 7, 1975, and on August 13, 1975, an attorney for protestors filed a written appeal to the board of adjustment from the administrator's issuance of the permit.
*568 On September 8, 1975, the board of adjustment held a public hearing on the appeal. In its decision the board did not mention a jurisdictional question but refused to issue the permit on the ground that the structure Brock erected was a mobile home and therefore in violation of the zoning ordinance.
Brock then sought by writ of certiorari to have the board's decision overturned on the ground the board lacked jurisdiction to reverse the zoning administrator's issuance of the permit because the appeal to the board was untimely. The district court upheld the decision of the board on two grounds. First, it found that the section of the zoning ordinance imposing a ten-day limit on appeals from the administrator's decision is void because it violates due process and because it does not provide a "reasonable time" for appeal as required by section 358A.13 of the Code (the judgment concluded that "the ten-day appeal provision of Section 3, Article XXII, is void for the reason that it vague and uncertain. The uncertain and ill-defined ten-day period does not provide a `reasonable time' for appeal as required by Section 358.13 [358A.13] . . . "). Second, the court found that Brock "waived any right he might have had to object to the jurisdiction of the board by attending the public hearing, testifying and taking part therein and being represented by counsel who examined and cross-examined witnesses." Brock thereupon appealed to this court.
We summarized our scope of review in cases of this type in Vogelaar v. Polk County Zoning Board of Adjustment, 188 N.W.2d 860, 863 (Iowa 1971):
Although review in the district court is de novo in the sense that testimony in addition to the return may be taken if it appears to the court necessary for proper disposition of the matter, the testimony should rightfully be confined to questions of illegality raised by the petition for the writ of certiorari. Section 358A.21, Code 1971; Deardorf v. Board of Adjustment of Plan. & Zon. Com'n., 254 Iowa 380, 383, 118 N.W.2d 78, 80 (1962) (interpreting analogous § 414.18, Code 1971). Here the cause was tried at law below, pursuant to court ruling from which neither party appeals. Our general rule that this would confine our review to assignments of error and not be de novo is applicable. Flynn v. Michigan Wisconsin-Pipeline Company, 161 N.W.2d 56 (Iowa 1968).
Under this scope of review the district court's judgment has the effect of a jury verdict. Weldon v. Zoning Board, 250 N.W.2d 396, 401 (Iowa 1977). We uphold the judgment on factual questions if it is supported by substantial evidence. Johnson v. Board of Adjustment, 239 N.W.2d 873, 888-89 (Iowa 1976).
The appeal requires us to address two issues: whether, in any event, Brock waived the question of the board's lack of jurisdiction and, if he did not, whether the board did possess jurisdiction.
I. Waiver of lack of jurisdiction. The district court concluded that Brock waived "any right he might have had" to object to the jurisdiction of the board by attending and participating in the hearing before the board. In reaching that conclusion the court relied on McKim v. Petty, 242 Iowa 599, 604-05, 45 N.W.2d 157, 159-60 (1950). This court there held that a party who invoked the jurisdiction of the state superintendent of instruction and made no attempt to dismiss that appeal waived his right to challenge the superintendent's jurisdiction later.
We do not agree with the holding that Brock waived his right to assert the jurisdictional issue by appearing before the board. Failure to appeal in time is not a type of defect which can be waived. As the court said in In re Appeal of McLain, 189 Iowa 264, 269, 176 N.W. 817, 819 (1920):
There is an appellate jurisdiction which is a class of its own, and which is limited, in the sense that it is contingent or conditional upon timely appeal by statutory method and within statutory time. Failure of such condition terminates its potential power to acquire thereafter any jurisdiction to review the judgment below. Consent will not confer it, nor waiver revive it.
*569 The McKim decision relied on by Brock did not involve a lack of jurisdiction which arose by virtue of failure to take a timely appeal, and is not in point here. We conclude that Brock's right to challenge the board's jurisdiction was not waived and that the jurisdictional question must be addressed.
II. Jurisdiction of board to hear appeal. Brock bases his claim that the board lacked jurisdiction on article XXII, section 3, of the county zoning ordinance. That section provides in pertinent part that
[a]ppeals to the Board may be taken by any person aggrieved or by any officer, department, Board or Bureau of the County of Dickinson affected by any decision of the Zoning Administrator. Such appeal shall be taken within ten days by filing with the Zoning Administrator and with the Board, a notice of appeal specifying the grounds thereof.
Brock argues that because the appeal was not filed within ten days of the time the aggrieved persons had notice of the issuance of the permit, the board lacked jurisdiction to entertain the appeal. The evidence does show that protestors did not appeal to the board within ten days, but we decline to accept Brock's argument for the reason that the ten-day appeal period provided by the Dickinson County zoning ordinance has no legal effect.
A. The purported statutory authorization for the ten-day appeal period in the zoning ordinance is the following part of section 358A.13 of the Code (emphasis added):
Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the county affected by any decision of the administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board of adjustment, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal specifying the grounds thereof.
Section 358A.13 and section 3, article XXII, are in conflict. Section 358A.13 confers authority on the board of adjustment to provide by rule the "reasonable time" for appeal. Instead the supervisors purported to do so by ordinance.
When faced in the past with local ordinances which purport to limit the power conferred by state statute on boards of adjustment, our response has been uniform. Insofar as local ordinances conflicted with state enabling statutes delegating power to boards of adjustment, we have held the ordinances void. E. g., DePue v. City of Clinton, 160 N.W.2d 860, 863-64 (Iowa 1968); Deardorf v. Board of Adjustment of Planning and Zoning Commission, 254 Iowa 380, 384, 118 N.W.2d 78, 80 (1962). Applying this principle to the facts before us, we hold that insofar as section 3 of article XXII purports to set the time for appeal, it is of no effect. See Hartunian v. Matteson, 109 R.I. 509, 516, 288 A.2d 485, 489 (1972).
In his brief Brock cites and relies on the supervisors' ordinance, and he has not shown that the board of adjustment adopted a rule defining a "reasonable time" under section 358A.13. Apparently, therefore, no board rule exists fixing the time for appeal. We thus confront the question, what is the effect upon an aggrieved person's right to appeal of a board's failure to prescribe by rule the time for appeal? Faced with this question, the Rhode Island Supreme Court held that a zoning board could entertain an appeal which the board found on substantial evidence was in fact taken within a reasonable time. Hartunian, 109 R.I. at 516, 288 A.2d at 489. We do not favor this ad hoc approach, for it gives boards flexibility to entertain or not entertain appeals beyond the contemplation of section 358A.13. Cf. Citizens Against the Lewis and Clark (Mowery) Landfill v. Pottawattamie County Board of Adjustment, 277 N.W.2d 921, 923 (Iowa 1979) (requirement that board adopt procedural rules under section 358A.12). The alternative, however, is worse: depriving an aggrieved party of the statutory right to appeal because a board failed to perform its duty to promulgate a rule fixing the time. We thus conclude as the court did in Hartunian that this *570 board could entertain the appeal if it found on substantial evidence that protestors filed the appeal within a reasonable time.
B. Although the board made no specific finding that protestors filed their appeal to the board within a reasonable time, that finding may fairly be inferred from the action the board took. This court has said in reviewing administrative action that "whenever from facts found others may be fairly inferred which will support the adjudication, such inference will be drawn." Cedar Rapids Steel Transportation, Inc. v. Iowa State Commerce Commission, 160 N.W.2d 825, 838 (Iowa 1968), cert. denied, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969). Such an inference seems reasonable where a statute provides that certain action may be taken only on a finding that a given standard is met, and such action is taken with no mention of the statutory standard. See 2 K. Davis, Administrative Law Treatise § 16.07, at 456 (1958). In this case the statute provides that appeals to the board shall be taken within a reasonable time, and although the board made no specific finding on the time issue it nevertheless heard the appeal and decided the case. We therefore conclude that the board found the appeal to be timely.
C. The record supports a finding that the appeal to the board was taken within a reasonable time. Brock concedes and case law holds that the appeal period should run only from the date that the objectors had notice of the zoning administrator's decision. See, e. g., State ex rel. Green's Bottom Sportsmen, Inc. v. Saint Charles County Board of Adjustment, 553 S.W.2d 721, 724-25 (Mo.App.1977); Ostrowsky v. City of Newark, 102 N.J.Eq. 169, 175, 139 A. 911, 913 (1928); Pansa v. Damiano, 14 N.Y.2d 356, 360, 251 N.Y.S.2d 665, 668, 200 N.E.2d 563, 565 (1964). Under the evidence the earliest possible point at which protestors might be fairly charged with notice of the permit was on or about July 23, when the structure was moved to the construction site. Protestors filed their formal appeal on August 13, or 21 days later. We are not able to say to the board or the district court that such a period is unreasonable as a matter of law. We thus uphold the jurisdiction of the board to hear the appeal and the judgment of the district court.
We add that the board of adjustment should promptly promulgate a rule (1) setting a reasonable, prescribed time within which appeals can be taken to the board, (2) running from the date (a) the appealing public agency or officer or aggrieved person has knowledge of the decision appealed from or (b) notice of the decision is given in a reasonable, specified manner. See Ehrenberg v. Persons, 8 App.Div.2d 18, 21, 185 N.Y.S.2d 369, 372 (1959) (recognizing board's duty to promulgate rule setting time for appeal).
AFFIRMED.