**GRANDVIEW BAPTIST CHURCH,**
Appellant,

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF DAVENPORT,**
**Iowa, Appellee.**

No. 65105.

Supreme Court of Iowa.

Feb. 18, 1981.

Richard L. Stevens, Gerald P. Schutte, and Richard J. Donovan, Davenport, for appellant.

Scott Hartsook, Davenport, Asst. City Atty., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, ALLBEE, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves a question of the validity of a building permit issued for the construction of a steel storage building, thirty-two by forty-five feet in size, on the grounds of a Church in a residential district of a city. The trial court found the facts substantially as follows.

On April 19, 1978, the Grandview Baptist Church through a building contractor obtained a permit from the Davenport Building Commissioner to construct a steel storage building on its church grounds. The building was to be used for storage of buses, maintenance machines and equipment, and camping gear, and was to be of steel pillars and beams with stressed metal walls and peaked roof.

Within several days the contractor constructed the building. A neighbor whose lot line is seven feet from the building, and other lot owners nearby, appealed to the zoning board of adjustment on May 8, 1978. The body of their notice of appeal stated:

Notice is hereby given that Ben Petersen and other affected owners hereby appeal from a decision to grant the Grandview Baptist Church a building permit to build an appurtenant structure on the land owned by the Grandview Baptist Church which abuts Northwest Boulevard and Ripley Streets in Davenport, Iowa.

The Church received a copy of the notice of the appeal.

The appeal came before the board on June 5, 1978. Representatives of both the objectors and the Church participated in the proceeding and made statements of their respective positions. The board did not arrive at a decision at that time and deferred the matter.

On June 19, 1978, the appeal came before the board for further hearing, and again representatives of objectors and the Church were present. At this time the Church representative protested that the board lacked jurisdiction because the objectors' notice of appeal did not state the grounds of appeal. The board overruled the protest, proceeded with the hearing, in which both sides participated, and ultimately determined, without entering written findings of fact and conclusions of law, that the structure is not an allowable accessory building and must be removed. The board therefore reversed the decision of the building commissioner granting the permit.

The Church thereupon petitioned the district court for a writ of certiorari, which was granted. At subsequent trial the record consisted of the board's return to the writ and additional evidence. The evidence included exhibits showing the storage building and the attractive homes in the area. The testimony disclosed that Grandview Church is the only church in a Davenport residential district with a storage building of this nature, and that of the more than fifty churches in the city, two have standard two-car garages and another has a barn but is located in a heavy industrial district.

The trial court annulled the writ, and this appeal by the Church followed.

I. *Scope of review.* The scope of review of the *district* court on writs of certiorari to boards of adjustment is somewhat unusual as a result of section 414.18, The Code 1979. After quoting that statute and two decisions, we summarized the district court's scope of review thus in *Weldon v. Zoning Board,* 250 N.W.2d 396, 401 (Iowa 1977):

Therefore the teaching of the *Anderson* case [206 Iowa 452, 221 N.W. 354 (1928)] is that in a certiorari proceeding in a zoning case the district court finds the facts anew on the record made in the certiorari proceeding. That record will include the return to the writ and any additional evidence which may have been offered by the parties. However, the district court is not free to decide the case anew. Illegality of the challenged board action is established by reason of the court's findings of fact if they do not provide substantial support for the board decision. If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board.

■ The scope of review of *this* court on appeal from the trial court's judgment on such a writ of certiorari is governed by rule 318, Iowa R.Civ.P.:

Appeal to the supreme court lies from a judgment of the district court in a certiorari proceeding, and will be governed by the rules applicable to appeals in ordinary actions.

Consequently our review is the same as from judgment following a special verdict by a jury. *Weldon*, 250 N.W.2d at 401; *Johnson v. Board of Adjustment*, 239 N.W.2d 873, 888 (Iowa 1976); *Deardorf v. Board of Adjustment*, 254 Iowa 380, 383–84, 118 N.W.2d 78, 80 (1962).

II. *Failure of appeal notice to specify grounds.* The Church first claims that the board had no jurisdiction of the appeal from the building commissioner because the notice of appeal did not specify grounds, and that the trial court erred in holding otherwise. Section 414.10 of the Code provides:

Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board, or bureau of the municipality affected by any decision of the administrative officer. Such appeal shall be taken within a reasonable time as provided by the rules of the board by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all the papers constituting the record upon which the action appealed from was taken.

■ Clearly boards of adjustment have jurisdiction of this class of proceeding; the first sentence of section 414.10 states that aggrieved persons may appeal to the board. Boards therefore have jurisdiction of the subject matter. *In re Marriage of Helm*, 271 N.W.2d 725, 727 (Iowa 1978) ("Jurisdiction of the subject matter is the power to hear and decide cases of the general class to which the proceeding belongs").

The appeal came before the board on June 5, 1978, and the Church through its representative, as well as the objectors' representative, attended and participated in the proceeding without questioning the board's jurisdiction. Only later, at the second hearing, did the Church protest the board's jurisdiction.

The situation is different from *Brock v. Dickinson County Board of Adjustment*, 287 N.W.2d 566, 568 (Iowa 1980). That case involved untimeliness of an appeal, but we do not have that problem here. The time requirement for appeal has traditionally been considered mandatory. *See Baker v. City of Cedar Falls*, 185 N.W.2d 810, 812 (Iowa 1971). Other defects relating to notice of appeal, however, stand on a different footing, and under various circumstances courts have held that defects in notices or in service of notices may be waived by appearance or participation by the opposing party. *Phil Anthony Homes, Inc. v. City of Anaheim*, 175 Cal.App.2d 268, 271, 346 P.2d 231, 233 (1959); *DeLuca v. Board of Supervisors*, 134 Cal.App.2d 606, 609, 286 P.2d 395, 398 (1955); *Keeling v. Board of Zoning Appeals*, 117 Ind.App. 314, 321, 69 N.E.2d 613, 616 (1946); *In re East Whiteland Township Zoning Board*, 11 Chester Co. 15, 20–21, 28 Pa.D. & C.2d 107, 112–14 (1962); *Champagne v. Zoning Board of Review*, 99 R.I. 283, 287–88, 207 A.2d 50, 53 (1965); *Titus v. Zoning Board of Review*, 99 R.I. 211, 218, 206 A.2d 630, 633 (1965); *cf. White v. Zoning Board of Adjustment*, 363 S.W.2d 955, 959 (Tex.Civ.App. 1962) ("It is well settled that a party's appearance in a civil action amounts to a waiver of service or of any irregularity therein. We know of no reason why the same rule should not be held to apply to hearings before an administrative body such as a board of adjustment for a municipality.").

The Church and the objectors were the parties primarily interested in the controversy before the board of adjustment. The Church received the deficient notice of the appeal. Then the Church, without objecting to the notice, sent its representative to the board hearing. At that hearing, the objectors' representative stated the objectors' reason for objecting. The representa-

tive of the Church then knew what the objection was (although both parties must have known that fact already, as the building had been constructed). The representative of the Church responded.

The board did not, however, rule on the appeal at that time. It deferred further hearing, and the parties returned for the second hearing and had the opportunity to make and did make additional presentations. The Church could not claim it was caught off guard at this hearing, for it had heard objectors' ground at the first hearing. At that further hearing the Church objected for the first time that the notice was deficient.

■ We think the board was warranted in overruling the objection at that late date, especially since the board then allowed the parties to make further presentations. The purpose of requiring the grounds to be stated had been fulfilled. The decisions we have cited deal with comparable notice problems, and see also *Armour v. Mueller,* 36 Ill.App.3d 23, 27, 343 N.E.2d 251, 255 (1976); *Kasper v. Board of Appeals,* 3 Mass. App. 251, 257, 326 N.E.2d 915, 919 (1975); 82 Am.Jur.2d *Zoning and Planning* § 301 (1976); 2 Am.Jur.2d *Administrative Law* § 365 (1962); and *Annot.,* 38 A.L.R.3d 167, 187–99 (1971). We conclude that the trial court did not err in upholding the board's jurisdiction.

■ III. *Absence of findings of fact.* The Church next claims the trial court erred in holding that the board was not required to enter written findings of fact and conclusions of law.

Such findings and conclusions have been required since our decision in *Citizens Against the Lewis and Clark (Mowery) Landfill v. Pottawattamie County Board of Adjustment,* 277 N.W.2d 921 (Iowa 1979). In that opinion we stated, however, "This rule shall apply to board of adjustment proceedings after the date this opinion is filled"—which was April 25, 1979. *Id.* at 925. The present decision by the board was made considerably before that date, at a time when written findings and conclusions

were not required. *Weldon,* 250 N.W.2d at 401; *Deardorf,* 254 Iowa at 383–84, 118 N.W.2d at 80.

We do not find merit in this claimed error.

IV. *Merits.* The Church does not claim that the trial court's fact findings lack the substantial evidentiary support which is essential to a special jury verdict. On those facts, the trial court had the legal question of whether the board could reasonably conclude that the building commissioner erroneously issued the building permit. *Weldon,* 250 N.W.2d at 401. The court held that the board could so conclude. Our question is whether the court erred in so holding.

A. The Church is in an R–3D single- and two-family dwelling district, under the Davenport zoning ordinance. The permitted uses there are the same as in a single-family district. In addition to family dwellings, these uses cover parks, schools, churches, golf courses, home offices, and

> [a]ccessory buildings, including a private garage and accessory uses customarily incident to the above uses. Any accessory building that is not a part of the main structure shall be located in conformance with all yard requirements, except as otherwise provided in Article XXIII. Accessory Buildings shall also include temporary signs appertaining to the lease, hire or sale of a building or premises, not exceeding ten square feet in area. Church or bulletin boards not exceeding fifteen square feet in area shall also be permitted.

The ordinance defines accessory buildings in this language:

> A subordinate building, the use of which is incidental to that of the main building or to the main use of the premises. An accessory use is one which is incidental to the main use of the premises.

This court stated in *City of Emmetsburg v. Mullen,* 256 Iowa 885, 889, 129 N.W.2d 677, 678–79 (1964):

> In 101 C.J.S. Zoning, section 176, it is said that "A use is 'accessory' when it is

customarily incident to the main use, or when it is so necessary or so commonly to be expected in connection with the main use that it cannot be supposed that the ordinance was intended to prevent it." *See also Lawrence v. Zoning Board of Appeals*, 158 Conn. 509, 511–13, 264 A.2d 552, 554 (1969); *In re Application of Emmett S. Hickman Co.*, 10 Terry 13, 20, 49 Del. 13, 20, 108 A.2d 667, 671 (1954) ("an accessory use, to be permissible, must be one 'customary with *and* incidental to' the permitted use"); *Kewalski v. Lamar*, 25 Md.App. 493, 334 A.2d 536, 540 (1975) ("A use or structure which—(a) is customarily incident and subordinate to and serves a principal use or structure; (b) is subordinate in area, extent, or purpose to the principle use or structure; (c) is located on the same lot as the principal use or structure served; and (d) contributes to the comfort, convenience, or necessity of occupants, business, or industry in the principal use or structure served"); *Salah v. Board of Appeals*, 2 Mass.App. 488, 314 N.E.2d 881, 886 (1974); *Mola v. Reiley*, 100 N.J.Super. 343, 347, 241 A.2d 861, 863–64 (1968); 101A C.J.S. *Zoning & Land Planning* § 148 (1979).

■ The board held that the steel storage building was not an accessory building to the Church edifice. The trial court held the board could reasonably so conclude. On the evidence in the record, we hold that the trial court did not err.

■ B. The contractor who obtained the permit for the Church promptly erected the building. The objectors timely appealed to the board, but before their appeal was heard the building had been constructed. The Church claims the objectors are estopped because the Church has vested rights in the building.

Under such circumstances the Church cannot successfully invoke the doctrine of vested rights so as to deprive the objectors of the fruits of their appeal. Otherwise the right of appeal would be meaningless. *Pascale v. Board of Zoning Appeals*, 150 Conn. 113, 119–20, 186 A.2d 377, 380 (1962); *State ex rel. Green's Bottom Sportsmen, Inc. v. St. Charles County Board of Adjustment*,

553 S.W.2d 721, 724–25 (Mo.App.1977); *Jantausch v. Borough of Verona*, 41 N.J.Super. 89, 95, 124 A.2d 14, 18 (1956), *aff'd*, 24 N.J. 326, 131 A.2d 881 (1957) ("At any rate, the appeal to the board of adjustment was, according to the stipulation of the parties, within time. This being so, reliance upon the permit in the intervening period shall not suffice to sustain a plea of estoppel. Nor should laches be found in such circumstances.").

■ V. *Costs.* Section 414.18 provides in the second paragraph:

Costs shall not be allowed against the board, unless it shall appear to the court that it acted with gross negligence or in bad faith or with malice in making the decision appealed from.

The trial court taxed the costs to the Church. The Church claims error, based on the exception for taxing the costs to a board of adjustment which acts with gross negligence, bad faith, or malice.

The court did not err. Not only did the Church fail to show the grounds which are necessary in order to tax the costs to the board, but the trial court actually upheld the decision of the board on the merits, and we uphold the judgment of the trial court.

We find no error.

AFFIRMED.