ARKAE DEVELOPMENT, INC.,
Appellee,

v.

ZONING BOARD OF ADJUSTMENT OF
the CITY OF AMES, Iowa, Appellant.

No. 2–65649.

Supreme Court of Iowa.

Nov. 25, 1981.

John R. Klaus, City Atty., and Sandra M. Zenk, Asst. City Atty., for appellant.

James A. Brewer of Hegland, Newbrough, Johnson, Brewer & Maddux, Ames, for appellee.

Considered by LeGRAND, P.J., and HARRIS, ALLBEE, McGIVERIN, and LARSON, JJ.

ALLBEE, Justice.

The main issue in this case concerns the timeliness of an appeal to a zoning board of adjustment. On January 7, 1980, the Ames city building official issued a building permit to Arkae Development, Inc. (Arkae), for the construction of a duplex at 4006–4008 Ontario Street in Ames. At a city council meeting on February 19, 1980, council member Charles Hammer, who represented the ward in which that property is located, was approached by a constituent from his ward who told him that a hole was being dug on the lot *adjacent* to 4006–4008 Ontario. It was upon investigation of this construction on a neighboring lot that Hammer said he first learned, on February 20, of the issuance of the building permit for 4006–4008 Ontario. No construction had yet begun at that address, although some clean-up had occurred. The lot was a deep one, and an existing older residence sat toward the front of the lot.

On February 22, Hammer filed an appeal with the Ames Zoning Board of Adjustment (Board), *see* § 414.10, The Code 1979, alleging that issuance of the permit was illegal because construction of a duplex at 4006–4008 Ontario would violate a city zoning ordinance prohibiting residential use of a building located to the rear of another building on the same lot. Thereafter, Hammer learned that the city manager had purported to revoke the building permit in question on February 20 but had reinstated it on February 22. Therefore, to ensure that his appeal would be effective, he filed a second notice of appeal on February 26.

The Board sustained Hammer's appeal and ordered that the building permit be revoked. Arkae then petitioned the district court for a writ of certiorari, pursuant to section 414.15, The Code 1979, alleging that the Board lacked jurisdiction to hear Hammer's appeal because it was untimely, and that the Board acted illegally in revoking

the permit. Trial court sustained the writ, and the Board appeals from that judgment.

I. *Standing.*

On this appeal, Arkae raises the issue of councilman Hammer's standing, under section 414.10, to file the appeal with the Board. This issue was not raised in Arkae's petition, nor was it brought to trial court's attention during the courtroom proceedings. Arkae first raised the question of standing in a post-trial brief. In *Cole v. City of Osceola*, 179 N.W.2d 524, 527–28 (Iowa 1970), this court held that the issue of standing must either be specifically raised by pretrial motion or pleading, or tried by consent of the parties; otherwise, it is deemed waived. *Accord, City Council v. Vinciullo*, 364 Mass. 624, 626 n.4, 307 N.E.2d 316, 318 n.4 (1974); *Lyon v. Bloomfield*, 355 Mass. 738, 743, 247 N.E.2d 555, 559 (1969); *Cave v. Zoning Board of Appeals*, 49 A.D.2d 228, 230–31, 373 N.Y.S.2d 932, 933–34 (1975); *Cohen v. Zoning Board of Adjustment*, 53 Pa.Commw.Ct. 311, 313, 417 A.2d 852, 853 (1980). Arkae's attempt to raise the issue by post-trial brief came too late. *Cf. Cole*, 179 N.W.2d at 527–28 (objection to standing first made in final argument came too late to preserve issue for review). Therefore, because Arkae's objection to Hammer's standing was not properly preserved in the trial court, we cannot consider it on this appeal.

II. *Timeliness.*

A.

At the time of Hammer's appeal, the Board had adopted the following rule: "Appeals based on alleged erroneous application or misinterpretation of zoning regulations by the zoning administrator [1] must be perfected to the Board not later than thirty (30) days after the decision complained of." The Board conceded on oral argument that the city manager's action in revoking and reinstating the permit is irrelevant to this appeal; no argument is made, therefore, that the timeliness of Hammer's appeal should be measured from the date of the permit's reinstatement. Rather, the parties

1. The record reveals that, although the city manager is actually the zoning administrator in Ames, the city building official acts for the zoning administrator in issuing building permits.

agree that the original issuance of the permit is in this case the "decision complained of" within the meaning of the Board's rule. Although Hammer's appeal was filed more than thirty days after that decision, the Board argues that its rule should not be strictly and literally applied when the appealing party had no notice of the permit's issuance until after the thirty-day period had expired.

The powers of a city zoning board of adjustment are derived from chapter 414, The Code 1979; the comparable source of authority for county boards of adjustment is chapter 358A, The Code 1979. Those chapters state that appeals to such boards "shall be taken within a reasonable time" as provided by the rules of the board. §§ 358A.13, 414.10, The Code 1979. This statutory language provides authority for a board of adjustment to promulgate a rule governing timeliness of appeals, and sets a standard of reasonableness to which such a rule must conform.

We recently had occasion to apply the "reasonable time" standard of section 358A.13 in *Brock v. Dickinson County Board of Adjustment*, 287 N.W.2d 566 (Iowa 1980). In that case, a permit to build a "new house" was issued on July 2, and on July 23 a mobile home in two parts was moved onto the lot in question. Protestors filed an appeal with the board of adjustment on August 13, forty-two days after the issuance of the permit, but only twenty-one days after the objectors were chargeable with knowledge of the proposed use of the lot. Unlike the Board in the present case, the Dickinson County Board of Adjustment in *Brock* had *not* exercised its statutory authority to promulgate a rule governing timeliness of appeals. Therefore, the only limit on the protestors' appeal was the statutory "reasonable time" standard. Regarding the protestors' compliance with that time limit, we said:

> The record supports a finding that the appeal to the board was taken within a reasonable time. Brock concedes and case law holds that *the appeal period should run only from the date that the*

*objectors had notice of the zoning administrator's decision.* Under the evidence the earliest possible point at which protestors might be fairly charged with notice of the permit was on or about July 23, when the structure was moved to the construction site. Protestors filed their formal appeal on August 13, or 21 days later. We are not able to say . . . that such a period is unreasonable as a matter of law.

*Id.* at 570 (citations omitted) (emphasis added).

In *Brock* we also recognized that the board of adjustment had a duty to promulgate a rule governing timeliness of appeals, and we specified that such a rule should "(1) [set] a reasonable, prescribed time within which appeals can be taken to the board, (2) running from the date (a) the appealing public agency or officer or aggrieved person has *knowledge* of the decision appealed from *or* (b) *notice* of the decision is given in a reasonable, specified manner." *Id.* (emphasis added).

Although the foregoing guideline was not part of the actual holding of *Brock*, we believe it constitutes a valid interpretation of the "reasonable time" standard of sections 358A.13 and 414.10. If a rule did not comply with the second part of the *Brock* guideline, we believe it would fail to meet the statutory test of reasonableness in many cases. As noted by one authority on zoning law, "[a] time limit which may be reasonable in its application to one who has been *denied* a permit may be unreasonable in its application to one seeking to challenge its *issuance*." 3 A. Rathkopf, *The Law of Zoning and Planning* § 37.04[1][a] (1981) (emphasis added). The commentator further explains:

> A landowner is often unaware that a permit had been applied for and issued until construction starts on the lot adjoining his property. If the time within which the issuance of the permit could be appealed were immutable, the permit holder need only wait until the time for appeal has expired before commencing

alterations in the appearance of the property to which it pertains.

*Id.* at n.10 (citation omitted).

In response to this problem, as we observed in *Brock*, courts have almost uniformly held that time to file an appeal with a zoning board of adjustment commences when the appealing party is chargeable with notice or knowledge of the decision complained of. *E. g., State ex rel. Green's Bottom Sportsmen, Inc. v. Saint Charles County Board of Adjustment*, 553 S.W.2d 721, 724–25 (Mo.App.1977); *Ostrowsky v. City of Newark*, 102 N.J. Eq. 169, 174–75, 139 A. 911, 913 (1928); *Pansa v. Damiano*, 14 N.Y.2d 356, 359–60, 251 N.Y.S.2d 665, 668, 200 N.E.2d 563, 565 (1964); *Cave v. Zoning Board of Appeals*, 49 A.D.2d 228, 231, 373 N.Y.S.2d 932, 935 (1975); *Hartunian v. Matteson*, 109 R.I. 509, 519–25, 288 A.2d 485, 490–93 (1972). *See generally* Rathkopf, *supra*; 7 P. Rohan, *Zoning and Land Use Controls* § 51.03[4] (1979).

Arkae cites *Nolfi v. Zoning Board of Review*, 91 R.I. 444, 445–46, 164 A.2d 695, 696 (1960), in support of its argument that once a board of adjustment promulgates a rule specifying a time limit for appeals, the rule must be strictly construed and applied. We believe that the authoritativeness of *Nolfi*, however, is undermined both by authority to the contrary and by the following dictum from a subsequent opinion by the same court which decided *Nolfi*:

> [I]t is more probable that if the question were squarely before us, we would be constrained to hold that a rule or regulation adopted by a zoning board of review . . . which limited the taking of an appeal to an arbitrary period of time from the date of the appealed decision, rather than from the time when the appellant was chargeable with knowledge of the decision from which he was appealing, would be contrary to the intendment of the General Assembly's mandated right of appeal.

*Hartunian*, 288 A.2d at 492 (footnote omitted).

■ Based on the foregoing, we adopt the previously quoted guideline from *Brock* as this court's interpretation of the "reasonable time" rulemaking standard set forth in sections 358A.13 and 414.10, with two minor clarifications. First, under subpart (2), the time for appeal should run from the earliest of the date (a) the appealing party had actual knowledge of the decision appealed from, (b) the appealing party was chargeable with knowledge of that decision,[2] or (c) notice of the decision is given in a reasonable, specified manner. Second, knowledge or notice of a "decision" refers not only to the administrative decision itself (*e. g.*, issuance of a building permit) but also to the facts constituting the basis for objecting to that decision (*e. g.*, the fact that the permit holder intends to use the property in a manner not clearly specified in the permit, *see, Brock*, 287 N.W.2d at 567; *Green's Bottom Sportsmen, Inc.*, 553 S.W.2d at 724).

### B.

■ Next, we must determine whether the Board's rule, which was apparently promulgated prior to our decision in *Brock*, complies with the "reasonable time" standard as we have interpreted it here. We believe the rule meets the first requirement of our interpretation by setting a prescribed time of thirty days within which to perfect an appeal. Language implementing the second requirement, however, is noticeably absent from the Board's rule. Therefore, to save the rule from being fatally defective, we must construe it to include an implied provision that the thirty-day period runs from the date that the person appealing had actual knowledge or was chargeable with knowledge of the decision appealed from and of the facts forming the basis of his objection. *See Pansa*, 14 N.Y.2d at 360, 251 N.Y.S.2d at 668, 200 N.E.2d at 565 (courts have duty to reasonably construe rules governing zoning appeals so as not to deprive citizens of important statutory right of appeal).

---

**2.** For example, when construction begins pursuant to a permit and this activity is visible to the public, an objector is chargeable with knowledge of the permit even though he himself does not learn of the construction or the permit until later.

We recognize that persons having a statutory right to appeal may often have no notice of the issuance of a building permit until construction begins, by which time a considerable amount of money and effort may have been expended by the permit holder. It would be burdensome if commencing construction were the *only* way a permit holder could give the notice that would start the running of the limitations period for appeals. The standard we have adopted, however, permits boards of adjustment to specify other reasonable means of giving notice. In the event that a board fails to prescribe such other means, a permit holder may wish to devise some method of his own for ensuring that members of the public will be chargeable with knowledge of the permit and his building intentions, such as posting a visible and informative sign on the property prior to construction.

### C.

Because trial court applied the Board's rule literally without implying a notice requirement, no finding was made as to when Hammer knew or should have known of the issuance of the building permit for 4006–4008 Ontario. Therefore, we remand for trial court to make a finding on that question and to apply, accordingly, the Board's rule as construed in this opinion.

### III. *Detrimental reliance.*

■ Trial court's ruling on Arkae's petition for writ of certiorari stated: "The appeal to the Zoning Board of Adjustment is untimely. Additionally, the building permit may not be arbitrarily revoked, especially when, as here, the owner has incurred material expenses in reliance thereon." The Board contends that trial court erred in considering Arkae's reliance as an alternative basis for its ruling. We will address

this assigned error to provide guidance for trial court upon remand.

Recently, in *Grandview Baptist Church v. Zoning Board of Adjustment*, 301 N.W.2d 704, 709 (Iowa 1981) we held that reliance upon a building permit during the time allowed for appeal to the board of adjustment does not give the permit holder vested rights which would deprive objectors of their right to appeal. Furthermore, we observe that such premature reliance does not prevent a board of adjustment from performing its duty to revoke a properly challenged building permit which violates the applicable zoning ordinance. *Crow v. Board of Adjustment*, 227 Iowa 324, 328, 288 N.W. 145, 146 (1939) (if building permit was not legally granted, permit holder's reliance does not prevent board of adjustment from revoking it); *State ex rel. Green's Bottom Sportsmen, Inc. v. Saint Charles County Board of Adjustment*, 553 S.W.2d 721, 726 (Mo.App.1977). *Cf. Zimmerman v. O'Meara*, 215 Iowa 1140, 1149, 245 N.W. 715, 719 (1932) (if building permit was illegally granted by board of adjustment, permit holder's reliance is no bar to injunction against further construction).[3]

In sum, the Board had authority to revoke the permit upon a timely appeal, in spite of Arkae's reliance, if the permit indeed violated the Ames zoning ordinance. The Board's finding that the permit did so violate the ordinance has not been challenged by Arkae in this certiorari action. Therefore, if Hammer's appeal is determined to have been timely, trial court should not consider Arkae's reliance as a basis for sustaining the writ of certiorari.

Trial court's judgment is reversed, and this case is remanded for further proceedings consistent with this opinion.

### REVERSED AND REMANDED.

---

**3.** The two cases relied upon by trial court, *Call Bond & Mortgage Co. v. City of Sioux City*, 219 Iowa 572, 578, 259 N.W. 33, 36 (1935), and *Rehmann v. City of Des Moines*, 200 Iowa 286, 291–92, 204 N.W. 267, 270 (1925), are inapposite. *Rehmann* held only that a building permit *which violated no city ordinance, id.* at 291, 204

N.W. at 269, could not be revoked *by a city council* after the permit holder had relied thereon. *Id.* at 292–93, 204 N.W. at 270. *Call Bond & Mortgage Co.* likewise involved a purported revocation by a city council rather than by a board of adjustment. 219 Iowa at 575–76, 259 N.W. at 34.