Thomas N. **KAMP** and Linda
J. Kamp, Appellees,

v.

Richard **STEBENS**, Appellant.

No. 93–0707.

Court of Appeals of Iowa.

March 24, 1994.

Stephen W. Newport of Newport & Newport, Davenport, for appellant.

Carole J. Anderson of Lane & Waterman, Davenport, for appellees.

Considered by DONIELSON, C.J., SACKETT, J., and CRITELLI, Senior Judge.*

CRITELLI, Senior Judge.

In *Kamp v. Board of Adjustment,* Scott County No. 67500, the district court eventually concluded that the Board had illegally granted Stebens a hardship variance improperly allowing him to have a garage in excess of the height restrictions of the city zoning ordinance. Stebens, represented by counsel, was an intervenor in that action and did not appeal the decision.

The Kamps then filed this equity action, *Kamp v. Stebens,* Scott County No. 80845, alleging Stebens' garage was a nuisance and in violation of the city ordinance; they asked for injunctive relief. At trial, the Kamps presented evidence that a garage is an "accessory building" with a height restriction of fifteen feet. Stebens' garage stands approximately seventeen feet in height.

Stebens testified that after the decision in *Kamp v. Board of Adjustment,* he received a building permit to build a sixteen-foot breezeway connecting the garage to his house. He also testified that city staff and the office of land use regulations advised him that in connecting the garage to his house he would no longer be in violation of the city zoning ordinance. Wayne Wille, planner in the office of land use regulations, testified that now that Stebens' garage was attached to the house by a breezeway, the entire building was a "dwelling" structure with a maximum height limitation of thirty-five feet, not fifteen feet.

The district court found that the garage, attached to the house or not, was an "accessory" building and subject to the height restriction of fifteen feet. The court concluded that Stebens' garage was in violation of the ordinance and a nuisance. Stebens was ordered to comply with the maximum height limitation applicable to accessory structures.

Stebens now appeals.

The trial court found a zoning ordinance violation because the garage was *not* a *part* of the house, it was an "accessory structure" and was restricted to a maximum height of fifteen feet.

■ We affirm the trial court decision. If the garage is considered to be part of the house, the zoning ordinance is violated because Stebens never applied for or received a zoning variation to construct a house addition within one foot of the property line. If the garage is considered to be an "accessory structure" and not part of the house, the fifteen foot restriction applies. Either way, a zoning ordinance has been violated.

When timely complaint was made by adjoining neighbor Kamp that Stebens had constructed a garage that was two feet too high and in violation of the City of Davenport's zoning code, the city staff advised Stebens that the garage constructed would be legal if he constructed a connecting breezeway between the existing house and the new garage.

* Senior judge from the 5th Judicial District serving on this court by order of the Supreme Court.

The city issued him a building permit to construct a sixteen-foot breezeway for such connecting purposes. Stebens connected the new garage and the existing house.

The neighbor, Kamp, brought this equity action seeking relief from city ordinance violation and Stebens' creation of a nuisance.

Our review in an equity case such as this is de novo. Iowa R.App.P. 4.

■ During the trial of these proceedings, Stebens presented the testimony of Wayne Wille, who had been employed by the City of Davenport as a planner in the office of land use regulations for nine years. He testified that his job consisted of interpretation of the zoning ordinances. While Wille could certainly be characterized as an expert for certain purposes, we are not bound to accept his interpretation of statutes or ordinances nor are we bound to accept any opinion he might render as an expert, although in fairness we should give due consideration to such testimony and consider his background and experience.

The trial court found the garage did not become a part of the house and that the garage retained its character as an "accessory structure."

As defined in section 17.04.020 of the City of Davenport Municipal Code (hereafter City Code), "accessory buildings" means a subordinate building, the use of which is incidental to that of the main building or to the main use of the premises. In section 17.04.010 (City Code), "building" includes the word "structure." Accessory structure, as that phrase is used in section 17.14.040(A), which establishes maximum height, refers to a subordinate building, the use of which is incidental to that of the main building, in this case, a dwelling structure.

Section 17.04.020 (City Code) defines "accessory use" as a use which is incidental to the main use of the premises. Detached garages are expressly included in "accessory uses."

■ We adopt the language of the trial court when it stated:

Under the plain language of the various ordinance sections garages are considered

accessory buildings and accessory uses whether detached from or attached to the main building, also referred to as the principal use. It is a subordinate building or structure, but it is still arguably subject to the height limitation for accessory structures in section 17.14.040.

In referring to the use of the "breezeway" process of converting the new garage to part of the existing house, the trial court used terms such as "circumvent," "ploy to frustrate," and we might add "subterfuge" as a descriptive term of such process.

As the trial court stated,

Stebens did *not* construct his residence and the new garage as a single building project, and the rear yard variance he was granted for the construction of the new garage was granted in contemplation of the construction of a garage or accessory structure within the limitations of the ordinance. The board of adjustment was not asked to review his request for a rear yard variance in terms of a principal dwelling being located so close to his property line and the retaining wall. The evidence establishes such a request would have been denied given the topography of these properties.

(Emphasis added.)

Speaking of such topographical evidence, Stebens' property line which adjoined Kamp's property is at least fifteen feet higher than Kamp's property and Stebens was given a variance to construct this garage within one foot of the property line. It is one thing to allow a neighbor to construct a garage within one foot of a property line, particularly one so many feet above the neighbor's property and retaining wall, and another thing to treat that constructed garage as being part of an existing house which has a maximum height limitation of up to thirty-five feet in height. We agree with the trial court that it is highly unlikely that the board of adjustment would have permitted a structure of up to thirty-five feet in height within one foot of the property line and retaining wall under these full circumstances and the existing topography. That is the result, or at least a possibility, if one consid-

ers that the garage becomes a part of the house by this connecting process. We affirm the trial court in its determination that Stebens has violated the city ordinance and he should be ordered to reconstruct the upper portion of his garage to bring it into compliance with the height limitation of the ordinance, to-wit fifteen feet.

Evidence was presented to the board of adjustment, and the variance involved was granted to Stebens in part because it was estimated that correction of this garage construction would be an unnecessary hardship to Stebens and would cost anywhere from $3,000 to $4,500.

The issue of expense to correct and the remedies available to the court for found violation of these type ordinances was considered in *Grandview Baptist Church v. Zoning Bd. of Adjustment,* 301 N.W.2d 704, 709 (Iowa 1981).

In an affirmed trial court decision, where the trial court found that construction of a church steel storage building measuring thirty-two feet by forty-five feet was constructed pursuant to an illegally-issued building permit in violation of zoning ordinances, the church was required to remove the building. We would observe that the likely expense and inconvenience visited upon the church in *Grandview* and affirmed on appeal would exceed substantially the cost of reconstruction now required of Stebens in these proceedings.

In summary, we affirm the decision of the trial court in all respects. Defendant Richard Stebens is enjoined to comply with the zoning ordinance height limitation applicable to accessory structures in his zoning district and is directed to take appropriate steps to reduce the height of his newly-constructed garage. Costs of these proceedings are assessed to Richard Stebens, defendant-appellant.

We do not retain jurisdiction of these proceedings.

**AFFIRMED.**