■ In the Matter of JEFFREY FARINA et al., Appellants, v ZONING BOARD OF APPEALS OF CITY OF NEW ROCHELLE et al., Respondents. [742 NYS2d 359] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals of the City of New Rochelle, dated April 21, 2000, which denied the petitioners' appeal of the issuance of a building permit to the respondents Anthony Catanese and Janet Catanese on the ground that it was not timely filed, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Angiolillo, J.), entered January 4, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the petition insofar as asserted against the respondents Zoning Board of Appeals of the City of New Rochelle and the City of New Rochelle, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; as so modified, the judgment is affirmed, without costs or disbursements.

In July 1998 the respondents Anthony Catanese and Janet Catanese submitted an application to the New Rochelle Planning Board (hereinafter the Planning Board), inter alia, to "resubdivide" an existing lot. Access to the lot could be gained only by way of Gaillard Place, an unpaved road located in the adjacent Town of Mamaroneck. The petitioners, out of possession landowners of a parcel of property located on Gaillard Place, objected to the application, claiming that compliance with Town Law § 280-a was required. The petitioners requested

that Gaillard Place be "suitably improved" to the satisfaction of the Town of Mamaroneck (hereinafter the Town). On September 23, 1998, the Planning Board granted the Cataneses' resubdivision application, declining to address the question of access to the property. The petitioners did not institute a proceeding pursuant to CPLR article 78 or otherwise to review the Planning Board's determination granting the resubdivision application.

On December 8, 1999, the City of New Rochelle (hereinafter the City) issued a building permit to the Cataneses for the construction of a one-family residence on the subject property. In early March 2000, the petitioners were informed by their tenant that development had begun on the property. On March 27, 2000, the petitioners applied to the Zoning Board of Appeals of the City of New Rochelle (hereinafter the Zoning Board) for administrative review of the issuance of the building permit, contending that a variance was required in accordance with General City Law § 36 (1). On April 21, 2000, the Chief Building Official for the City informed the petitioners that their application would not be heard because the property had been the subject of a prior subdivision application, and subdivision approval had been granted by the Planning Board on October 28, 1997. This proceeding ensued.

The Supreme Court dismissed the petition insofar as asserted against the Zoning Board and the City, finding that the petitioners were aware of the outcome of the 1998 resubdivision application, and thus knew that a subsequent step would be the issuance of a building permit. Accordingly, the Supreme Court held that the petitioners' application to the Zoning Board for review was untimely. The Supreme Court also dismissed the petition insofar as asserted against the Town for failure to state a cause of action. We modify.

Section 81-a (5) (b) of the General City Law provides that an administrative appeal from "any order, requirement, decision, interpretation or determination of the administrative official" charged with the enforcement of zoning regulations, must be taken within 60 days of the filing of such order, requirement, decision, interpretation, or determination. It is settled law, however, that where a party seeks revocation of a building permit issued to another, the prescriptive period should be computed from the date such party received notice that his objections to the permit had been overruled (see Matter of Pansa v Damiano, 14 NY2d 356). We find that the petitioners in this case are not chargeable with knowledge of the issuance of the building permit until March 2000. Thus, the appeal of

the issuance of the building permit, taken on March 27, 2000, was timely (*see Matter of Pansa v Damiano, supra*; *Matter of Highway Displays v Zoning Bd. of Appeals of Town of Wappinger,* 32 AD2d 668). Accordingly, we remit the matter to the Supreme Court for a determination of the merits of the petition, insofar as it is asserted against the Zoning Board and the City.

However, the petition was properly dismissed insofar as asserted against the Town for failure to state a cause of action. The determination regarding access to the property was one for the City to make, since the issuance of a building permit for the residence on a lot within the City was within the purview of the City, notwithstanding that the access road was situated in the Town.

The parties' remaining contentions are without merit. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.